Ralph Edward KUECEY, Plaintiff,

v.

Sanger B. POWERS, Administrator, Division of Corrections, Harvey D. Winans, Associate Warden, Wisconsin State Prison, Merrill Nefstead, Dennis Swan, Morris, Thomas Kroeplin, and Pranes, Defendants.

Civ. A. No. 72–C–127.

United States District Court,
W. D. Wisconsin.

July 12, 1978.

Carol W. Medaris, Corrections Legal Services Program, Madison, Wis., for plaintiff.

Bronson C. LaFollette, Atty. Gen., Edward S. Marion, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In his original complaint filed in May of 1972, the plaintiff Ralph Edward Kuecey, proceeding pro se, alleged that he was subjected to cruel and unusual punishment by the de-fendants in violation of the Eighth and Fourteenth Amendments to the United States Constitution during several incidents occurring in July and August 1971, at the Wisconsin State Prison at Waupun, Wisconsin. The plaintiff, who is now represented by an attorney, has moved to amend his complaint and to add an additional party defendant. For the reasons hereafter stated, the motions will be granted.

■ The controlling statute of limitations for an action brought pursuant to 42 U.S.C. § 1983 is the state limitations period which would govern an analogous action brought in a court of the forum state. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Beard v. Robinson*, 563 F.2d 331 (7th Cir. 1977). In this circuit the limitations period is that which governs causes of action created by statute, *Beard* at 335, 338, or in Wisconsin, § 893.19(4) Wis.Stats. (1977), providing a six year period of limitations for actions "upon a liability created by statute when a different limitation is not prescribed by law."

■ As to the original defendants, therefore, there is no doubt that the amended complaint in its entirety is timely filed. Since it appears that very little discovery has been done to date in the action, allowance of the amendment should not unduly delay trial or unduly prejudice the defendants. Furthermore, while the amended complaint undoubtedly expands the scope of this suit both in terms of the time period involved and the substantive allegations made, the allegations are sufficiently related to those in the original complaint that it is economical to consolidate them with the original allegations instead of requiring the plaintiff to commence a separate action.

■ Plaintiff also seeks to join as a defendant Harvey D. Winans, the Associate Warden for Security at the Wisconsin State Prison at Waupun, Wisconsin. In his amended complaint, plaintiff alleges that the defendant Winans is responsible for the care and custody of prisoners at the prison, that he was the superior officer to the five

defendant guards named in the original complaint during the relevant period, and that since the date of the first incident set forth in the original complaint, the defendant Winans has participated in numerous decisions to punish and restrain the plaintiff.

With respect to the allegations concerning incidents which occurred after March 16, 1972, the date six years prior to the time the pending motions were filed, the amended complaint is timely. Since defendants do not challenge the permissibility of joinder of defendant Winans in this action pursuant to Rule 21 of the Federal Rules of Civil Procedure, except to allege that his joinder will unduly expand the triable issues, joinder will be permitted for the reasons set forth in the preceding discussion.

Only one issue therefore remains, which is, whether the amended complaint is barred as to the defendant Winans insofar as it alleges liability for incidents occurring prior to March 16, 1972. The Court concludes that it is not.

On June 29, 1972, the plaintiff filed with the court and served on defendants' attorney a document entitled "Motion Pursuant to Rule 19(a)(2)(ii) of Joinder of one Harvey D. Winans, to the above entitled case and Defendants et al." Attached to the motion was another document entitled "Civil Complaint," the body of which provided in part:

"3) Plaintiff Kuecey, contends that Defendant Powers has told the staff here at Waupun to give both Smith and I, a hard time, because of now pending Case No. 72–C–127 in this Court, and as Plaintiff, I would herein enjoined Defendant Harvey D. Winans in as one of the Defendants in now pending Case No. 72–C–127.

"4) Since July 25, 1971, this Asst. Warden—Security, has did his utter best to give me punishment after punishment. He is the same who had me put in First Grade Seg. for alledge [sic] attempted fire back in April or May of 1971, and has given me no air since then nor consideration.

"5) I, Plaintiff-Intervener, content that this named Defendant as Asst. Warden of Security is in his job, aiding his staff members in their plight Case 72–C–127 in his punishment of their continued Conduct Reports against Plaintiff Kuecey and I, Plaintiff-Intervener Smith in attempts to railroad and unjustly punish us both in 'Get at' tactics, * * *."[1]

No briefs were filed with the motion, the defendants did not respond to it, and the court has yet to rule on it.

While the Court sympathizes with the position of defendants' attorney that it is difficult to keep track of documents filed in a pro se action, and particularly in an action such as this where the documents have been filed in mass, the fact remains that the plaintiff did file with the court and properly serve on defendants' attorney a motion for joinder of the proposed defendant Winans, and the motion has not been denied by the court. While the plaintiff cited an incorrect provision of the Federal Rules in support of his motion, the purpose of the motion is clear and sufficient both to put the defendant Winans on notice of his possible inclusion as a defendant in this action and to preserve the plaintiff's cause of action against him. The motion having been timely filed, plaintiff's cause of action relating to incidents prior to March 16, 1972, is not barred by the running of the statute of limitations. Plaintiff's request that his joinder motion filed March 16, 1978 be construed to relate back to the filing date of his original joinder motion is granted, and the motion itself will also be granted.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiff Ralph Edward Kuecey for leave to file an amended complaint is granted, and the proposed amended complaint submitted to the court is filed instanter.

IT IS FURTHER ORDERED that the motion of the plaintiff Ralph Edward Kuecey for an order adding Harvey D. Winans as a party defendant is granted.

1. "Plaintiff-Intervener" Smith's motion, filed May 22, 1972, for leave to intervene as a plaintiff in C.A. No. 72–C–127 was denied on December 1, 1972.

154

IT IS FURTHER ORDERED that the defendants file an answer to the amended complaint within twenty days from the filing date of this order.