Alex J. BOTTOS, Jr., Plaintiff,

v.

Charles M. AVAKIAN, M. Thomas
Allison, C. Lamar Little and L.
Dale Human, Defendants.

Civ. No. H 78–321.

United States District Court,
N. D. Indiana,
Hammond Division.

Sept. 25, 1979.

Gordon J. Arnett, Chicago, Ill., for plaintiff.

Charles B. Miller, Asst. U. S. Atty., Hammond, Ind., for defendants Avakian, Allison and Little.

Peter G. Koransky, Spangler, Jennings, Spangler & Dougherty, Gary, Ind., and Albert C. Hand, Hand & Muenich, Hammond, Ind., for defendant L. Dale Human.

## ORDER

McNAGNY, District Judge.

The above-captioned cause is before the Court on motions by the defendants to dismiss the complaint for failure to state a claim upon which relief can be granted. The defendants all assert that plaintiff's claim is barred by the applicable statute of limitations.

Argument on the motions was heard by the Court on September 13, 1979. For the reasons that follow, the motions to dismiss are GRANTED, and plaintiff's complaint is hereby DISMISSED.

This action began on July 28, 1978 with the filing of plaintiff's complaint in the Lake Superior Court of Lake County, Indiana. The complaint alleges, in general, a conspiracy by all the defendants to injure plaintiff and to deprive him of his constitutional rights. It asserts that the state and federal defendants,[1] without authority or legal power, blackmailed and otherwise threatened certain persons in an effort to obtain false statements incriminating the plaintiff; arrested and jailed the plaintiff on a "pretended federal charge"; deprived the plaintiff of food, water, sanitary and sleeping facilities, and the medicine necessary to control plaintiff's lung ailment; seized and damaged plaintiff's car; testified falsely against the plaintiff before a grand jury; and continued to make false representations about the plaintiff in an effort to deprive him of his rights. These allegations set out the substance of a *Bivens*[2] type claim against the federal defendants, and a claim under 42 U.S.C. § 1983 against defendant Human.

■ The action was removed to this Court on August 7, 1978 pursuant to 28 U.S.C. § 1442(a)(1).[3] Jurisdiction over the *Bivens* claim is based on 28 U.S.C. § 1331(a), although because 28 U.S.C. § 1442(a)(1) does not require such original jurisdiction, the removal statute itself can be said to confer subject matter jurisdiction. *Lindy v. Linn,* 395 F.Supp. 769, 771 (E.D.Pa.1974) (and cases cited therein), *aff'd.,* 515 F.2d 507 (3rd Cir. 1975). Jurisdiction over the § 1983 claim is based on 28 U.S.C. § 1343.

The only question raised by the motions before the Court is that of the timeliness of plaintiff's action. The acts he complains of

1. Defendant Human is alleged to be a Gary, Indiana police officer acting under color of his office. Defendants Avakian, Allison and Little are alleged to be special agents of the Federal Bureau of Investigation (F.B.I.) acting under color of their offices.

2. *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

3. Only the federal defendants petitioned for removal, but in cases of removal of suits against federal officers under § 1442(a)(1) the entire case can be removed by the timely petition of a single federal defendant, regardless of whether other defendants, federal officers or not, properly join in the petition for removal. *Howes v. Childers,* 426 F.Supp. 358, 359 (E.D.Ky.1977) (and citations therein).

transpired primarily in February of 1972, but the latest such alleged act occurred in June of 1973. The complaint was filed on July 28, 1978, more than five years after the last act complained of.

The defendants cite *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and other cases for the rule that the applicable period of limitations in actions to redress violations of civil rights is the most closely analogous state statute of limitations, that which would apply had a similar action been brought in state court. Defendants argue that because plaintiff complains of acts tantamount to assault, battery, libel, slander, malicious prosecution, false arrest, conversion, and other such torts, the most analogous statute of limitations is the two year period provided by Ind.Code Ann. § 34–1–2–2 First (Burns 1973) in actions for injuries to person, character, or personal property. The plaintiff argues only that his action was timely brought, without citing authority.

■ Neither the Civil Rights Acts nor *Bivens* provides a statute of limitations governing § 1983 or *Bivens* claims. Case law establishes, however, that the appropriate statute for both types of actions will ordinarily be that which would be applied to an analogous action in a court of the forum state. *Johnson v. Railway Express Agency,* 421 U.S. at 462, 95 S.Ct. 1716; *Beard v. Robinson,* 563 F.2d 331, 334 (7th Cir. 1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978); *Regan v. Sullivan,* 557 F.2d 300, 303 (2nd Cir. 1977). Although state law is therefore the primary guide, federal courts may displace state law when its application "would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Railway Express Agency,* 421 U.S. at 465, 95 S.Ct. at 1722. *See Occidental Life Ins.*

*Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977).

■ Federal courts are also empowered to decide which of several analogous state statutes should be applied, for the characterization of a federal cause of action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law. *See Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 706, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In making this selection, courts should consider the objectives of the substantive federal statute and apply the period of limitations that best effectuates this federal policy. *De Malherbe v. Int'l Union of Elevator Constructors,* 449 F.Supp. 1335, 1340 (N.D.Cal.1978) (and cases cited therein).

The Court of Appeals for this Circuit has applied the foregoing principles to arrive at a mode of characterization of actions brought under the Civil Rights Acts and *Bivens* that does not look first to the underlying common law cause of action set forth in the substantive allegations of a complaint. In *Beard v. Robinson, supra,* that Court overruled the approach taken in *Jones v. Jones,* 410 F.2d 365 (7th Cir. 1969), *cert. denied,* 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970), where the facts underlying the plaintiff's claim were characterized in terms of traditional common law torts for the purpose of determining the applicable state statute of limitations. Instead, the Court characterized § 1983 actions more generally as actions created by statute, applying the Illinois statute of limitations that governed such statutory actions. *Beard, supra,* at 335–38. This method of characterization was "compelled by the fundamental differences between a civil rights action and a common law tort." *Id.* at 336.[4] Similarly, the *Bivens* claim in *Beard* was characterized in general terms as a type of action "not otherwise provided for" by any more

---

4. This method also served the federal policy calling for a certain degree of consistency in the treatment of *Bivens* claims and various types of Civil Rights Acts claims. Where a state has different statutes of limitations for different torts, various portions of a single claim could be subjected to different limitation periods if substantive tort analogies are used. *See De Malherbe, supra,* at 1345.

specific statute of limitation. As such it was governed by the Illinois catchall period of limitations.

Conveniently enough, the Illinois courts had held that actions created by statute were "actions not otherwise provided for," [5] so the Court of Appeals could subject both § 1983 and *Bivens* claims to the identical statutory provision, Ill.Rev.Stat. ch. 83, § 16. This identity served the federal interest in providing some consistency in the treatment not only of different types of § 1983 claims, but of similar *Bivens* claims as well. *See Beard, supra,* at 337–38; *De Malherbe, supra,* at 1342, 1351.

The *Beard* analysis, however, cannot be strictly applied to the case at hand without leading to an unacceptable result. In Indiana, as in Illinois, there is no statute explicitly providing a limitations period for actions created by statute. But while Illinois courts have held that the Illinois catchall period applies to actions created by statute,[6] there is apparently no similar holding in Indiana. As to the § 1983 claim in this case, therefore, a literal *Beard* approach is questionable.

■ Even if this Court decided that Indiana courts would consider statutorily created causes of actions generally subject to the catchall statute of limitations in Ind.Stat. Ann. § 34–1–2–3 (Burns 1973),[7] to literally follow *Beard* and apply the fifteen year limitations period provided in that section to the § 1983 and *Bivens* claims here would still be uncalled for. This Court has previously held that the length of this period makes the catchall statute inappropriate in actions brought under 42 U.S.C. § 1981. *Williams v. Amoco Oil Co.,* No. H 77–218, Order at 4 (N.D.Ind. Jan. 23, 1979). This position is justified as to § 1983 and *Bivens*

claims as well. Even in civil rights cases it is incumbent upon potential plaintiffs to assert their claims within a reasonable time, before evidence has been lost, memories have faded, and witnesses have disappeared. *Cf. Order of R.R. Telegraphers v. Railway Express Agency,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 88 L.Ed. 788 (1944) (statutes of limitations protect defendants from defending suits when evidence is lost). The interest in successful prosecution of meritorious constitutional claims does not always outweigh the interest in protecting defendants from stale claims. *See id.; De Malherbe, supra,* at 1341–42.

■ Fortunately, there is another Indiana statute of limitations that can be applied here without resort to the underlying substantive tort analogies disapproved in *Beard.* In Ind.Stat.Ann. § 34–1–2–2 Second (Burns 1973) a five year limitations period is provided for "[a]ll actions against a . . . public officer . . . growing out of a liability incurred by doing an act in an official capacity." This provision was held to be appropriate, as an application of the *Beard* approach, for a § 1983 action against a town tax assessor based on allegations that the defendant assessed a personal property tax on property held by the plaintiff pawnbroker while not so taxing other pawnbrokers. *Sacks Bros. Loan Co. v. Cunningham,* 578 F.2d 172, 176 (7th Cir. 1978). In so holding, the Court of Appeals specifically declined to characterize the action substantively as an action for damages to personal property governed by the two year statute of limitations in § 34–1–2–2 First. *Id.*

Only two issues arise in applying § 34–1–2–2 Second to the case at hand: (1) whether the defendants are public officers within the meaning of the statute, and (2) whether

---

5. *See Wakat v. Harlib,* 253 F.2d 59, 63 (7th Cir. 1958) (and cases cited therein).

6. See note 5, *supra.*

7. Such a holding might well run counter to the tendency of the Indiana courts to look to the nature or substance of a cause of action in order to determine which statute of limitations applies. *See Cordial v. Grimm,* 346 N.E.2d 266, 269 (Ind.App.1976).

their actions as alleged by plaintiff were performed in an official capacity.

It is not entirely clear in Indiana whether a policeman is a "public officer" within the meaning of § 34–1–2–2 Second. It has been held that policemen appointed pursuant to law are officers for purposes of the Workmen's Compensation Act, *Shelmadine v. City of Elkhart,* 75 Ind.App. 493, 129 N.E. 878, 879 (1921). The law in question [8] fixed the powers and duties of policemen so appointed, bringing such appointments outside of the contractual implications of the word "hire" as used in the Workmen's Compensation Act, thus precluding classification of policemen as hired employees. *Id.* Later Indiana cases have clearly held that the relation between a policeman and the city he works for is purely contractual—that policemen are employees and not officers. *State ex rel. Palm v. City of Brazil,* 225 Ind. 308, 73 N.E.2d 485, 488 (1947); *State ex rel. Crooke v. Lugar,* 354 N.E.2d 755, 761 (Ind. App.1976). However, these later cases were concerned with the nature of a policeman's employment relation, and not with the nature of his duties.

The Supreme Court of Indiana, describing generally the attributes of a public "office," cited a dictionary definition for the idea that "an office is a 'special duty, trust or charge conferred by authority and for a public purpose; an employment undertaken by the commission and authority of the government.'" *Wells v. State ex rel. Peden,* 175 Ind. 380, 94 N.E. 321, 322 (1911). The Court went on to call an office "[a] public charge, or employment, in which the duties are continuing and prescribed by law, and not by contract, invested with some of the functions pertinent to sovereignty, or having some of the powers and duties which

inhere within the legislative, judicial, or executive departments of government." *Id.* (citations omitted). This basic definition has been affirmed by the Court. *Book v. State Office Building Comm'n,* 238 Ind. 120, 149 N.E.2d 273, 290 (1958).[9] Here, defendant Human, as a Gary police officer, is certainly a "public officer." While his compensation and other conditions of employment may be determined by contract, *see State ex rel. Crooke v. Lugar, supra,* his duties and powers are prescribed by statute, Ind.Ann.Stat. §§ 18–1–11–4, –5, 18–1–11–7 (Burns 1978 Supp.). Moreover, the duties and powers so enumerated are clearly "functions pertinent to sovereignty." They include the duty to preserve the peace, detect and arrest offenders, suppress riots, protect the rights of persons and property, inspect all places of business under license, and enforce and prevent the violation of all ordinances and laws in force.

By analogy, the three defendant F.B.I. agents are also public officers within the meaning of § 34–1–2–2 Second. Their powers and duties involve the exercise of sovereign powers and are statutorily based. *See, e. g.,* 18 U.S.C. § 3052.

While the plaintiff alleges that the defendants acted without authority or jurisdiction when committing some of the acts complained of, this does not mean that they were not acting in an official capacity. It is alleged that all the defendants acted under color of their respective official positions as a Gary policeman and F.B.I. agents. Indeed, virtually all the acts complained of that were directed immediately at the plaintiff were committed in the context of what would appear to be an official investigation culminating in arrest, imprisonment and the beginnings of prosecution.

---

**8.** At the time of this case, the Metropolitan Police Act of 1897, as amended, Burns Ann. Stat. §§ 9033, 9046 (1914), governed town and city police. The relevant portions of this law, the 1905 amendments, are still in force with minor changes. Ind.Stat.Ann.§§ 18–1–11–4, –5, 18–1–11–7 (Burns 1978 Supp.).

**9.** The Indiana Appellate Courts have also emphasized that the source of an officer's duties is statutory or constitutional as opposed to merely contractual. *Union Township of Montgomery County v. Hays,* 138 Ind.App. 280, 207 N.E.2d 223, 224–25 (1965) (en banc); *Brinson v. Bd. of Comm'rs of Owen County,* 97 Ind. App. 354, 186 N.E. 891, 892 (1933) (en banc).

Even if these acts were not "official" in that they were not officially authorized, or were not intended to be official, the fact that they were undertaken under color of authority brings them into the realm of acts performed "in an official capacity" for purposes of determining the appropriate limitations period here. For even if § 34–1–2–2 Second was intended to cover actions against public officers for officially sanctioned acts, that statute can still be borrowed in this context as the state statute of limitations for a cause of action sufficiently analogous to that asserted in plaintiff's complaint. "The mere fact that some *Bivens* actions differ in certain ways from state actions does not preclude the borrowing of state limitations periods applicable to them." *De Malherbe, supra,* at 1341. Here, the gravamen of plaintiff's complaint is as much as he was harmed through the defendants' abuse of authority as it is that he was harmed by their physical acts. The five year statute of limitations provided by § 34–1–2–2 Second is the appropriate period to apply here.[10]

The plaintiff's cause of action accrued when the acts he complains of were committed. No events have been alleged which might have tolled the statute of limitations. Because the plaintiff filed his action more than five years after his cause of action accrued, his complaint must be dismissed.

---

**10.** This five year limitations period is reasonably consistent with the six year period adopted by this Court for § 1981 actions, *Williams v. Amoco Oil Co.,* No. H 77–218 (N.D.Ind. Jan. 23, 1979), and with the other five and six year periods now prevailing in the Seventh Circuit.

See *Sacks Bros. Loan Co. v. Cunningham, supra; Teague v. Caterpillar Tractor Co.,* 566 F.2d 7 (7th Cir. 1977); *Beard, supra; Kuecey v. Powers,* 79 F.R.D. 151 (W.D.Wis.1978); *Margoles v. Wis. State Bd. of Medical Examiners,* 446 F.Supp. 959 (W.D.Wis.1978).