**Carolyn Sue BLAKE, Plaintiff-Appellant,**

v.

**Roderic H. KATTER and Steven R. King, Defendants-Appellees.**

**No. 80–2429.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1982.

Decided Nov. 22, 1982.

Anthony O. Brown, Chicago, Ill., for plaintiff-appellant.

Frederick N. Kopec, Deputy Atty. Gen., Theodore L. Sendak, Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before PELL, BAUER, Circuit Judges, and CAMPBELL,* Senior District Judge.

BAUER, Circuit Judge.

The issue in this appeal is what statute of limitations applies to a § 1983 civil rights action brought against Indiana state police officers acting in their official capacities. Plaintiff-appellant Walter Allison Blake brought this action against Roderic H. Katter and Steven R. King, Indiana state police officers, alleging that the officers violated his constitutional rights during his arrest, detention, pre-trial proceedings and trial. Blake charged the officers with: (1) warrantless arrest; (2) illegal search and seizure; (3) unlawful detention; (4) failure to inform him of the charges against him or to allow him to confront witnesses; (5) cruel and unusual punishment; (6) subornation of perjured testimony; (7) proceeding to trial without a verified information; and (8) malicious prosecution.[1] The district court held that each of these alleged claims was analogous to a personal injury claim and, thus, subject to the two-year statute of limitations applicable to personal injury claims. We reverse.

Blake filed his complaint while he was incarcerated in the Indiana State Prison. Katter and King responded with a motion to dismiss. Holding that the complaint failed to state a cause of action for which

---

* The Honorable William J. Campbell, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. The claims alleging warrantless arrest and illegal search and seizure were brought against both Katter and King. The remaining claims were brought only against Katter.

relief could be granted, the district court ruled on the motion before Blake's time to respond had expired. Blake appealed; this court reversed and remanded. Blake then filed an amended and supplemental complaint and Katter and King made a second motion to dismiss. The district court granted this second motion on the ground that the complaint was barred by the two-year statute of limitations. It also held that Blake's claims regarding unlawful detention, perjured testimony and cruel and unusual punishment were legally insufficient. Blake again appealed.[2]

Blake contends that the district court erred in applying the two-year statute of limitations to his civil rights claims and in holding that several of the allegations did not allege claims for which relief can be granted.

### I

The threshold question is whether Blake's claims are time barred. Blake insists they are not for several reasons. First, he asserts that under Ind.Code § 34–1–2–2 the applicable statute of limitations is five years. Next, Blake argues that, assuming *arguendo* the two-year statute of limitations does apply, the statute was tolled because he was imprisoned. Finally, Blake asserts that at least some of his claims accrued within the two year period prior to the filing of his complaint.

The parties agree that because 42 U.S.C. § 1983 does not specify a limitations period, the state statute of limitations controls. They also agree that Ind.Code § 34–1–2–2 is the governing state statute. They disagree, however, as to which subsection, the First or the Second, applies to Blake's claims.

Ind.Code § 34–1–2–2 in part provides: Limitations of actions—... The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued ....

First. For injuries to person or character, for injuries to personal property, and

for a forfeiture of penalty given by statute, within two (2) years ....

Second. All actions against a sheriff, or other public officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five (5) years ....

Ind.Code § 34–1–2–2 (1976). Asserting that unconstitutional acts of state officials are not analogous to state torts, Blake urges that the plain meaning of the statute dictates that § 34–1–2–2 Second applies. Relying on *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235 (7th Cir.1980), appellees argue that § 34–1–2–2 First governs all § 1983 actions.

Appellees' reliance on *Movement for Opportunity* is misplaced, for its factual situation is inapposite to the circumstances of this case. In *Movement for Opportunity* black and female employees filed a § 1981 class action suit charging racial and sexual discrimination at a General Motors plant. Since § 1981 contained no statute of limitations, the court followed the general rule, enunciated in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), of choosing the most appropriate state limitation. 622 F.2d at 1241.

In selecting the most appropriate statute of limitations provided by Indiana law, the *Movement for Opportunity* court had three choices: (1) a two-year statute of limitations applicable to injuries to person or character; (2) a six-year statute of limitations governing contractual actions; and (3) a fifteen-year residuary statute of limitations. The court rejected both the six-year statute and the fifteen-year statute. It felt that applying the fifteen-year statute of limitations would be inappropriate because it would extend the rights of Indiana citizens far beyond the maximum periods previously allowed for the bringing of civil rights claims. It also noted that it would be unfair to require employers to defend claims after fifteen years because the evi-

---

**2.** Blake died while his appeal was pending and his widow is proceeding in his stead.

dence would likely be lost or destroyed or witnesses unavailable. The court also emphasized that Indiana's residual statute of limitations had been consistently limited to real property claims. Next, while rejecting the general rule of characterizing civil rights claims as common law torts, *id.* at 1242, the court nevertheless stated that "when the general statute of limitations fails and no easy comparison exists, [citation omitted] some analogies must be used." *Id.* at 1243. It concluded that the civil rights claim brought against General Motors was more closely related to a tort than a contract and, thus, the two-year statute for tort causes of action should be applied.

In choosing the two-year statute of limitations, the court stated that its choice was influenced by several factors. First, it noted that Indiana had a two-year statute of limitations for employers' liability for injuries to employees. Second, after the General Motors action had been filed, the Indiana legislature enacted a two-year limitation period for all employment related actions. Finally, the court noted that "the choice of a statute of limitations under section 1981 ... is essentially the choice to be made under 42 U.S.C. § 1983 ...", *id.* at 1243, and that the two-year statute of limitations had already been applied to an earlier § 1983 action in *Hill v. Trustees of Indiana University,* 537 F.2d 248 (7th Cir.1976). For all these reasons, it deemed the two-year statute of limitations the most appropriate one provided by state law.

In contrast, in this case, we need not resort to analogies to determine which is the most appropriate statute of limitations. Section 34–1–2–2 Second applies to "[a]ll actions against a sheriff, or other public officer ... growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty." Thus, this subsection applies to Blake's claims if appellees are public officers and the acts Blake complains of were performed in their official capacities.

■ While § 34–1–2–2 Second does not expressly refer to state police officers, it seems obvious to us, even without judicial interpretation, that state police officers are public officers. However, we need not base our conclusion that a police officer is a public officer within the meaning of § 34–1–2–2 Second on our own interpretation of the term, for it has already been judicially construed to include police officers. *Bottos v. Avakian,* 477 F.Supp. 610 (N.D.Ind.1979). The *Bottos* court defined a public officer by the nature of the duties attached to the position. It noted that a public officer was one who held an office having special duties prescribed by law to serve a public purpose, and that those duties were invested with "some of the functions pertinent to sovereignty." *Id.* at 614 (citations omitted). It concluded that since a police officer had the duties to preserve the peace, protect and arrest offenders, suppress riots, protect the rights of persons and property, inspect all places of business under license, and enforce and prevent the violation of all ordinances and laws in force, a police officer was a public officer. We find that analysis compelling and adopt it here.

■ We next consider whether the officers were acting in an official capacity. The acts alleged in the complaint were acts relating to a police investigation which culminated in Blake's arrest, imprisonment and prosecution. Certainly there can be no dispute that such acts were acts in a police officer's official duty. Accordingly, we hold that for the purposes of the claims here appellees are public officers within the meaning of § 34–1–2–2 Second and were acting in their official capacities. Thus, a five-year, rather than a two-year statute of limitations, applies and Blake's claims are not time barred.[3]

## II

Appellant challenges the district court's rulings that the claims regarding unlawful detention, perjured testimony and cruel and

---

**3.** Since we apply the five-year statute of limitations, we need not reach the issues of whether Blake's imprisonment tolled the running of the statute or whether some of the claims accrued within the two year period prior to the filing of the complaint.

unusual punishment failed to state claims for which relief can be granted. Each of these claims is discussed briefly below.

### A

Blake claims that his fourth amendment right was violated because he was arrested on August 29, 1977 but was not formally charged until eight days later. He also claims that his sixth amendment right to a speedy trial was violated because he was detained in jail for seven months before the commencement of his trial.

### 1

■ In his complaint Blake alleged that he was detained in jail for eight days before he was brought before a judge and informed of the charges against him. The record does not support this allegation.

The docket sheet discloses that, although Blake was not present, an evidentiary hearing was held the day after he was arrested. The court made a finding of probable cause, issued an arrest warrant and fixed bond. The docket sheet also indicates that after the probable cause determination Blake was brought into court for arraignment but, because he had no attorney, requested, and was granted, a continuance.

While Blake admits that a determination of probable cause was made the day after his arrest, complaint, allegation 26, he nevertheless argues that his fourth amendment right was violated because he was not present at the probable cause hearing. Moreover, he alleges that the docket entry indicating that the arraignment was initiated the day after his arrest is insufficient to controvert the claim in his verified complaint that he was not told why he was arrested for eight days.

Blake's arguments are not compelling. Since Blake concedes that the probable cause determination was made within a reasonable time, and it is well settled that a finding of probable cause may be made by a judicial officer without an adversary hearing, *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), Blake has no fourth amendment claim. Further, Blake's

reliance on *Moran v. Estelle,* 607 F.2d 1140 (5th Cir.1979); *Irby v. Missouri,* 502 F.2d 1096 (8th Cir.1974), *cert. denied,* 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822 (1975) and *Craig v. Beto,* 458 F.2d 1131 (5th Cir.1972), to support his position that a docket sheet entry is insufficient evidence to controvert the allegations in his verified complaint is misplaced. Each of those cases dealt with whether the defendant had made an intelligent and competent waiver of his right to counsel and held that while a docket entry is evidence of the fact of a waiver, it is not sufficient to establish that the waiver was voluntarily and knowingly made. These cases have no application here because Blake's intention is not at issue. The docket entry indicates that the arraignment was continued at Blake's request; Blake has not denied this fact. Blake has alleged no facts which support his fourth amendment claim. Accordingly, the district court properly dismissed this claim.

### 2

■ Blake contends that he was denied his sixth amendment right to a speedy trial because his trial did not begin until seven months after he was arrested. Blake alleges particular prejudice because, as an indigent, he was unable to raise bail and, thus, was incarcerated while awaiting trial.

The district court held that Blake had waived any speedy trial claim because the docket sheet establishes that Blake's court-appointed attorney orally withdrew the written motion Blake had filed requesting a speedy trial. Blake contends this holding was erroneous because a waiver must be made knowingly and voluntarily, a fact which cannot be established by a notation on a docket sheet. He argues that, because a seven month delay is prima facie unreasonable, the district court should have held an evidentiary hearing to determine the reason for the delay.

We agree with Blake that his claim should not have been dismissed at this stage in the litigation, since no clear reason has been shown for the seven month delay. It has not been established that Blake's waiver was valid or that Blake was wholly re-

sponsible for the delay. Moreover, assuming *arguendo* that the waiver was valid, Blake's entitlement to a speedy trial does not rest solely on his assertion of that right. *Barker v. Wingo,* 407 U.S. 514, 528, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). For these reasons,[4] we reverse the trial court's dismissal of the sixth amendment claim.

### B

■ Blake alleged that his fourteenth amendment rights were violated because Katter and King testified falsely at his trial. These claims of perjury and subornation of perjury have already been fully adjudicated by the Indiana Supreme Court, which found them to be wholly without merit. *Blake v. State of Indiana,* Ind., 390 N.E.2d 158 (1979). That decision is binding on this court. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Blake argues that the *McCurry* rule that the doctrine of collateral estoppel applies in § 1983 actions has no application here because Blake did not have a full and fair opportunity to litigate the perjury issues. In support of this claim Blake relies on the alleged denial of his right to a speedy trial and "the resulting possible prejudice to his defense." Appellant's br. at 44. Blake's claim is without merit, for even if Blake subsequently prevails on the speedy trial issue, he has failed to allege any specific prejudice from that denial which would warrant a finding that Blake was denied his right to confront the witnesses against him. Thus, the *McCurry* rule applies and the district court properly dismissed the claim.[5]

### C

Blake alleges that in the course of his arrest his wrists were so tightly handcuffed that they were cut and bleeding. The district court held that this claim did not establish a federal constitutional violation because Blake had alleged only negligence and mere negligence will not support a § 1983 claim. We cannot agree.

■ In his pro se complaint Blake alleged that Katter handcuffed him "so tight [sic] that blood came from the plaintiff [sic] wrist by the time they got to the jail," complaint, allegation 22, and that this conduct "violated the Eighth Amendment to the United States Constitution by inflicting upon plaintiff cruel and unusual punishment," complaint, fourth claim. Construing this claim liberally, as we must with a pro se complaint, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we read the claim to allege unnecessary physical force, and it is well settled that an allegation of excessive force during an arrest is cognizable under § 1983. *Courtney v. Reeves,* 635 F.2d 326 (5th Cir.1981). Thus, while we agree with appellees that the eighth amendment does not apply to pre-trial detainees and that Blake's claims should have been brought under the due process clause of the fourteenth amendment, *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), we do not believe that the pleading error justified the dismissal of an otherwise valid claim. Since it is not clear that plaintiff has alleged no set of facts which would entitle him to relief, *Conley v. Gibson,* 355 U.S. 41, 78

---

**4.** Defendants also argue that Blake's speedy trial claim is deficient because he failed to allege that he suffered any resulting harm or that the delay was due to any state action. Neither of these arguments has merit. Seven months of pretrial incarceration is clearly cognizable prejudice. *Sims v. Sielaff,* 563 F.2d 821 (7th Cir.1979). Second, an insufficient claim is not grounds for dismissal because the federal rules provide for an amendment to the pleadings to correct the deficiency or to add or substitute parties. *See,* 3 J. Moore, Moore's Federal Practice ¶ 15.08 (2d ed. 1980).

**5.** Blake also challenges the district court's statement that "[d]efendants, as State Police officers did not have a duty to disclose the existence of alleged perjured testimony." *Blake v. Katter and King,* No. 79–307, slip op. at 4 (N.D.Ill. Sept. 29, 1980). Since we hold that the district court was precluded by the state action from reconsidering the perjury claim, we need not address this challenge.

S.Ct. 99, 2 L.Ed.2d 80 (1957), the claim should not have been dismissed.[6]

### III

The final issue is whether this cause of action abated when Blake died of natural causes while incarcerated. We hold that it does not.

Relying on *Merimee v. Brumfield,* Ind. App., 397 N.E.2d 315 (1st Dist.1979), appellees contend that the civil rights claims here are personal injuries for the purposes of Ind.Code § 34–1–1–1 and, thus, abated when Blake died. We disagree. We have already noted in this opinion that we reject the practice of characterizing civil rights claims as common law torts. Thus, to the extent that *Merimee* holds that the injuries alleged here are personal injuries within the meaning of the survival statute, we decline to follow its rationale.[7]

We hold that this action is not time barred. We reverse the dismissal of the claims relating to the right to a speedy trial and cruel and unusual punishment and affirm the dismissal of the claims relating to pre-arraignment detention and the use of perjured testimony. Accordingly, we reverse and remand; Circuit Rule 18 shall apply, and the district court is instructed to appoint counsel.

REVERSED AND REMANDED.

---

**6.** Blake also contends that the district court treated portions of the motion to dismiss as a motion for summary judgment without notifying him, as required by Fed.R.Civ.P. 56, thereby depriving him of an opportunity to submit his own affidavits and exhibits to resist summary disposition. The portion of the motion to dismiss which was treated as a motion for summary judgment related to whether Blake had waived his right to a speedy arraignment and a speedy trial. Since we hold that the delay in

Blake's arraignment was due to his own conduct and reverse the dismissal of the speedy trial claim, we need not consider whether Blake did, in fact, receive timely notice of the district court's intention to summarily dispose of these issues.

**7.** We leave the issue of whether Blake's widow is the real party in interest entitled to proceed with this action for the district court. *See supra* note 2.