**John F. McKEOWN, Plaintiff,**

v.

**James OGLESBY, et al., Defendants.**

**No. 84 C 1351.**

United States District Court,
N.D. Illinois, E.D.

April 22, 1986.

John F. McKeown & Associates, Crown Point, Ind., for plaintiff.

John J. Walsh, III, Walter H. Djokic, Pretzel & Stouffer, Chtd., Chicago, Ill., John S. Wrona, Calumet City, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff, John F. McKeown, brought this action against defendant, Lt. James Oglesby, alleging false arrest and imprisonment in violation of 42 U.S.C. § 1983.[1] Lt. Oglesby has moved to dismiss McKeown's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief may be granted. For the reasons set forth below, the court grants Lt. Oglesby's motion to dismiss.

In considering the sufficiency of a complaint to withstand a Rule 12(b)(6) motion to dismiss, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must accept as true all material facts well pleaded in the complaint, and must view the alleged facts and make all reasonable inferences in the light most favorable to the plaintiff. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976). *See also, Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir.1979). In addition, where the complainant proceeds pro se, as in this case, the court must construe the complaint liberally. *Blake v. Katter*, 693 F.2d 677, 682 (7th Cir.1982).

Applying these standards to the instant case, the court finds that McKeown has failed to allege facts sufficient to establish a cause of action against Lt. Oglesby. According to McKeown, in the early morning of February 12, 1982, while he was looking for a place to eat breakfast, his truck slid into a pile of snow. As he attempted to dig his truck out of the snow, Lt. Oglesby drove up. Lt. Oglesby told McKeown to get into the police car. Lt. Oglesby then drove McKeown to the police station. On the way to the station, McKeown tried to get out of the squad car a number of times, but Lt. Oglesby told McKeown that "he would not advise it." Once at the station, Lt. Oglesby telephoned McKeown's wife to secure her authorization to send McKeown home in a cab. Another officer informed McKeown that he was free to leave the station.

Despite the fact that Lt. Oglesby did not handcuff, jail or swear a complaint against McKeown, the facts McKeown alleges with respect to the ride to the police station sufficiently support McKeown's claim that he was "seized" within the meaning of the Fourth Amendment. *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) ("We conclude that a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances, surrounding the incident, a reasonable person would have believed that he was not free to leave."). However, McKeown fails to assert that Lt. Oglesby did not have probable cause to take McKeown to the police station, and fails to allege any facts whatsoever which indicate that Lt. Oglesby did not have probable cause. On the contrary, McKeown admits in the pleadings that he has a voice impediment which makes him sound "like he is half drunk all the time." *See* Plaintiff's Objection to Defendant's Summary of Essential Facts at 3.

The court now grants Lt. Oglesby's motion to dismiss on the basis that McKeown has failed to assert a lack of probable cause and allege facts in support thereof.[2] *See Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980) (lack of probable cause is an essential element of a § 1983 cause of action for unlawful arrest). *See also, Henig v.*

---

1. As originally filed, McKeown's complaint also included allegations against Calumet City, the Calumet City Police Department, the Howard Cab Company and Timothy M. Hensley, a Howard Cab Company employee. On December 3, 1984, this court granted the motions to dismiss of these defendants, leaving only this § 1983 claim against Lt. Oglesby.

2. Lt. Oglesby contends in his motion to dismiss that this court should dismiss McKeown's § 1983 complaint based on Lt. Oglesby's quali-

*Odorioso,* 256 F.Supp. 276, 280–81 (E.D.Pa. 1966) (court granted police officer's motion to dismiss where complaint failed to allege lack of probable cause), *aff'd,* 385 F.2d 491 (3d Cir.1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968).

Furthermore, the court will not grant McKeown leave to amend his complaint, for it is apparent from the facts already alleged that McKeown will not be able to allege facts to support a claim that Lt. Oglesby did not have probable cause. McKeown has already admitted that he was driving the truck in the early morning hours of February 12, 1982, when it slid into a large pile of snow, that he was trying to dig the truck out of the snow when Lt. Oglesby arrived and that he has a speech impediment which makes him sound "like he is half drunk all the time." On the basis of these allegations, the court finds that the facts and circumstances known to Lt. Oglesby would warrant a prudent man in believing an offense had been committed, namely, driving while under the influence of alcohol. *See* Ill.Rev.Stat. ch. 95½, § 11–501. Therefore, Lt. Oglesby had probable cause to take McKeown to the police station. *Lenard v. Argento,* 699 F.2d 874, 884 (7th Cir.1983) (*citing Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); *Thornton v. Buchmann,* 392 F.2d 870, 872–73 (7th Cir. 1968)), *cert. denied,* 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). The existence of probable cause is an absolute bar to a § 1983 unlawful arrest action. *Terket,* 623 F.2d at 31.

Finally, the court notes the borderline triviality of McKeown's complaint against Lt. Oglesby. According to the complaint, McKeown was taken to the police station where Lt. Oglesby then called McKeown's wife. She authorized sending McKeown home in a cab. While waiting for a cab at the station, another officer told McKeown

fied immunity under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 893 (1982). *Harlow* holds that an officer is immune from liability for damages under § 1983 where his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Although it appears that Lt. Oglesby would be immune from

he was free to leave the station. Neither Lt. Oglesby, nor any other officer, handcuffed, jailed or swore a complaint against McKeown. Were it not for McKeown's bald assertion that, when he tried to get out of the squad car on the way to the station, Lt. Oglesby stated that "he would not advise it," McKeown's complaint would not even approach constitutional dimensions. *See Parratt v. Taylor,* 451 U.S. 527, 554 n. 13, 101 S.Ct. 1908, 1922 n. 13, 68 L.Ed.2d 420 (1981) (Powell, J. concurring) ("constitutional law has been trivialized [in a great number of § 1983 suits], and federal courts often have been converted into small-claims tribunals."); *Newman v. Village of Hinsdale,* 592 F.Supp. 1307 (N.D. Ill.1984), *aff'd without opinion,* 767 F.2d 925 (7th Cir.1985).

For all of the above reasons, the court grants Lt. Oglesby's motion to dismiss. Also, for the reasons stated above, the court will not grant McKeown leave to amend his complaint.

liability under *Harlow* in this suit, qualified immunity is an affirmative defense which a defendant must plead and prove. Therefore, it is not an appropriate ground to support a motion to dismiss. *LaSalle National Bank v. County of Lake,* 579 F.Supp. 8, 13 n. 7 (N.D.Ill.1984) (*citing Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).