**Merle G. ALM, Plaintiff,**

v.

**Ralph MORETH, Defendant.**

**No. 86 C 9228.**

United States District Court,
N.D. Illinois, E.D.

Aug. 30, 1988.

Daniel H. Streckert, Goldberg, Fohrman & Weisman, Chicago, Ill., for plaintiff.

Maureen Murphy, Asst. Corp. Counsel, Judson H. Miner, Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

In this sec. 1983 action the plaintiff, Merle George Alm, alleges that his civil rights were violated when the defendant, Chicago Police Officer Ralph Moreth, pulled his car over, arrested him and had him handcuffed for disorderly conduct. The plaintiff has also tacked on pendent state claims including assault and battery. Moreth now moves for summary judgment on all counts.

### I

On the afternoon of 19 April 1985, Alm was driving along Lockwood Avenue in Chicago; his son, Eric, a passenger in the car, was playing with a toy cap gun. Moreth, apparently convinced Eric's gun was the real thing, pulled Alm over; he approached Alm (who was still seated in the car) with his gun drawn and pointed in Alm's direction.

After exchanging some words Moreth placed Alm under arrest and ordered that he be handcuffed. Alm, however, had recently undergone surgery on his left wrist which had not yet completely healed; and he requested not to be handcuffed. Moreth was unmoved, and Alm was manacled. Alm complained repeatedly that the handcuffs were injuring him; but they were not removed until Alm arrived at the police station, where he was charged with disorderly conduct.

### II

Moreth contends that he is qualifiedly immune from liability. The doctrine of qualified immunity is intended to strike a balance between the benefits of allowing citizens to vindicate violations of their constitutional rights and the costs of dragging public officials through warrantless litigation. *Harlow v. Fitzgerald,* 457 U.S. 800, 814, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). It shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. Resting on the concept of reasonableness, the test is objective.

### A

Under *Harlow* we must undertake a two-part analysis: (1) does the alleged conduct state a constitutional violation? and (2) were the constitutional standards clearly established at the time in question? *Wade v. Hegner,* 804 F.2d 67, 70 (7th Cir. 1986). The parties disagree over whether the defendant's conduct is constitutionally impermissible, and whether the constitutional standards were clearly established at the time. We examine each possibility in turn.

Moreth argues that the appropriate constitutional standard is the "shocks-the-conscience" approach set out in *Gumz v. Morrissette,* 772 F.2d 1395 (7th Cir.1985). Under *Gumz,* the use of force during an arrest is unconstitutional if it (1) causes se-

vere injury, (2) is grossly disproportionate to the need for action under the circumstances, and (3) is "inspired by malice * * * so that it amount[s] to an abuse of official power that shocks the conscience." *Id.* at 1400. If *Gumz*'s substantive due process approach is the applicable test, then Alm is out of luck; for while one can quibble over whether Alm's injury was severe, or whether Moreth's conduct was inspired by malice, one cannot reasonably maintain that Moreth's actions were grossly disproportionate to the need for action under the circumstances. They may have been disproportionate, but they were not "grossly" so. *Black's Law Dictionary* defines "gross" as "Out of all measure; beyond allowance; flagrant; shameful[.]" Handcuffing Alm after the exchange of words may have been uncalled for, but it was not out of all measure. Had the handcuffs been placed on Alm in an abnormal manner (for example, so tightly that they caused bleeding), then we could begin speaking of grossly disproportionate force, *see Blake v. Katter*, 693 F.2d 677 (7th Cir.1982). But they were not. Alm does not allege that the handcuffs were applied improperly; nor does he maintain that they were tightened once they were on.[1] Under these circumstances we hold that Moreth did not use excessive force in arresting Alm. We therefore find it unnecessary to ascertain whether the shocks-the-conscience standard was clearly established in April 1985.

### B

Alm, sensing this difficulty, strenuously contends that *Gumz* does not govern this case; he points out that *Gumz* was decided in September 1985, five months after the incident involved here. This being so, how could *Gumz* provide the applicable standard? So far, so good. But what standard is to take *Gumz*'s place? According to Alm it is the fourth amendment's objective reasonable test first adopted by the Seventh Circuit in *Lester v. City of Chicago*, 830 F.2d 706 (7th Cir.1987), in 1987. This is curious logic. If *Gumz* does not apply because it was decided five months after the occurrence, then how can *Lester*, which was decided *29* months after? Alm sees this problem too: his response is that in the absence of *Gumz* it is "self-evident" that the objective reasonableness test applies. Self-evident means "evident without proof or reasoning." *Webster's Ninth New Collegiate Dictionary* 1066 (1966). It is not self-evident to us; we require proof or reasoning (preferably both), and Alm has presented neither.

### C

Perhaps there is another way out for Alm. The "test for immunity [is] whether the law was clear in relation to the public official when he acted." *Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir.1987). In *Blake v. Katter*, 693 F.2d 677 (7th Cir. 1982), the plaintiff alleged that his eighth amendment rights had been violated when, during an arrest, he was handcuffed so tightly that his wrists bled. The Seventh Circuit held that this allegation was sufficient to state a claim for excessive force in arrest under the fourteenth amendment (but not the eighth). *Id.* at 682.

Tightening handcuffs to the point that they cut into the flesh is torture, not civilized law enforcement. There is nothing in this case that approaches the barbarism displayed in *Blake*. Moreth ordered that Alm be handcuffed despite the fact that Alm informed him that his wrist had not completely healed and would cause him pain; while this may not have been the most compassionate course of action, it was not cruel or barbaric.[2] Therefore, we do not believe that *Blake* made it clear that

---

1. Actually, Alm does allege in his complaint that his handcuffs were tightened after they were put on, but he had no recollection of it at his deposition. *See* Alm Dep.Tr. at 118–19. Thus, for purposes of this motion we hold that no reasonable juror could find that Alm's handcuffs had been tightened.

2. For the same reason, we do not think that Moreth's actions were so egregious that it was obvious that they were unlawful, even in the absence of caselaw addressing the specific facts at issue. *See, e.g., Benson v. Allphin*, 786 F.2d 268, 276 n. 18 (7th), *cert. denied*, 479 U.S. 848, 107 S.Ct. 172, 93 L.Ed.2d 109 (1986).

Moreth's conduct was unlawful when he acted.

## III

We hold that Moreth is qualifiedly immune from liability for using excessive force in arresting Alm. There being no basis for federal jurisdiction [3] we must also dismiss Alm's pendent state claims. *See Argento v. Village of Melrose Park,* 838 F.2d 1483, 1491 (7th Cir.1988). The clerk is directed to enter an order pursuant to Fed. R.Civ.P. 58 granting judgment in the defendant's favor on Count I, dismissing Count II for lack of subject matter jurisdiction, and dismissing the complaint in its entirety.

---

**3.** Alm argues in his surreply that his complaint also contains a claim for unlawful arrest. A fair reading of the complaint, however, does not support his view. True, paragraph 11 does contain an allegation that Moreth arrested Alm without probable cause; but the unmistakable thrust of Count I is that Moreth used excessive force in arresting Alm. *See* especially para. 18. And until the surreply both parties treated Count I solely as an excessive force claim. Under these circumstances, we believe that it would be inappropriate to recognize Alm's unlawful arrest claim now for purposes of the summary judgment motion.