**Harold STURGEON**

v.

**The CITY OF BLOOMINGTON.**

**No. IP 81–784–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Feb. 11, 1982.

Dean E. Richards, Indianapolis, Ind., for plaintiff.

Harriet A. Lipkin, Bloomington, Ind., for defendant.

## MEMORANDUM ENTRY

NOLAND, District Judge.

Plaintiff was formerly employed by defendant as a police officer. On October 27, 1976, he was charged with leaving his post without permission and failure to obey an order to take a polygraph test. Following a hearing, plaintiff was found guilty and his employment terminated. He sought judicial review of his termination, and the Brown County Circuit Court sustained his dismissal for leaving his post, thus, not reaching the issue of the polygraph test. This decision was appealed to the Indiana Court of Appeals, which affirmed the Circuit Court in an unpublished opinion on July 29, 1981. The Indiana Supreme Court denied plaintiff's petition for transfer. Thereafter, plaintiff brought the present action under 42 U.S.C. §§ 1981 and 1983 claiming that defendant violated his right to equal protection under the Fourteenth Amendment in requiring him to take a polygraph test as a basis for his fitness to continue his employment.

Defendant now moves to dismiss plaintiff's complaint contending that the allegations have been fully litigated in state court and plaintiff is therefore barred by the rules of *res judicata* from relitigating these issues in a federal forum. Additionally, defendant asserts that plaintiff has failed to properly allege an action under sections 1981 and 1983. In response, plaintiff maintains that the state courts never addressed the issue of the polygraph test, and thus, the present action is not barred by *res judicata*. Plaintiff also denies that he has failed to state a claim under sections 1981 and 1983.

■ A review of plaintiff's complaint uncovers a more fundamental defect; it is barred by the statute of limitations. The Seventh Circuit has held that the two-year tort statute of limitations, *Ind.Code* § 34–1–2–2 (1973), applies to section 1983 claims, *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir. 1976), as well as actions

under section 1981. *Movement for Opportunity and Equality v. General Motors*, 622 F.2d 1235 (7th Cir. 1980). Plaintiff was discharged on December 17, 1976, but did not file his complaint in this Court until July 2, 1981, more than four years after the events of which he complains. Therefore, based upon the statute of limitations alone, plaintiff's complaint would be subject to dismissal.

■ Nevertheless, addressing the issue of *res judicata*, it is clear that the rules comprising the doctrine apply to actions under the Civil Rights Act. *See Allen v. McMurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Goss v. Illinois*, 312 F.2d 257 (7th Cir. 1963). Specifically, where a former police officer brings suit under section 1983 alleging denial of his constitutional rights, and the same issue was raised in the state court proceedings, the federal action will be dismissed on *res judicata* principles. *Bergersen v. Codd*, 482 F.Supp. 223 (E.D.N.Y.1979), *affd. mem.*, 628 F.2d 1344 (2nd Cir. 1980).

■ Plaintiff admits that he raised the issue of the constitutional rights violation in the Circuit Court and the Court of Appeals, but claims that both courts failed to rule on this issue. Thus, he contends that the present suit is a new cause of action. In *Grubb v. Public Utilities Commission of Ohio*, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930), the appellant maintained that the Ohio Supreme Court's failure to specifically rule on his constitutional claims permitted a second action not barred by *res judicata*. The Supreme Court disagreed and held as follows:

The question of the constitutional validity of the order was distinctly presented by the appellant's petition and necessarily was resolved against him by the judgment affirming the order. Omitting to mention that question in the opinion did not eliminate it from the case or make the judgment of affirmance any the less an adjudication of it . . . .

    \*     \*     \*     \*     \*     \*

(T)he appellant must abide by the rule that a judgment upon the merits in one suit is *res judicata* in another where the parties and subject matter are the same, not only as respects matters actually presented to sustain . . . the right asserted, but also as respects any other available matter which might have been presented to that end. *Id.* at 477–79, 50 S.Ct. at 377–378.

It appears to this Court that the prior state judgment on plaintiff's discharge is *res judicata* to the present claim under section 1983. Accordingly, this claim will be dismissed.

■ Concerning plaintiff's failure to state a claim under section 1981, it is well settled that this section applies only to discrimination based upon race. *Runyan v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Movement For Opportunity and Equality v. General Motors*, 622 F.2d 1235 (7th Cir. 1980). Nowhere in plaintiff's complaint is there an allegation that plaintiff has suffered racial discrimination. Therefore the section 1981 claim will be dismissed also.

■ Finally, the Court notes again the case of *Bergersen v. Codd*, 482 F.Supp. 223 (E.D.N.Y.1979), *affd. mem.*, 628 F.2d 1344 (2nd Cir. 1980), where the District Court dismissed a former policeman's section 1983 claim of denial of equal protection because, among other grounds, he did not allege any disparity or discrimination of the type protected by the Constitution. In so holding, the Court reasoned that "(a) contrary conclusion would permit equal protection attacks on personnel decisions merely upon a claim that one employee rather than another had been discharged . . . ." 482 F.Supp. at 227. The Supreme Court in *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), also addressed this concern in another former policeman's section 1983 suit, and concluded as follows:

The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mis-

takes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways . . . . *Id.* at 349–50, 96 S.Ct. at 2079.

Accordingly, for the foregoing reasons plaintiff's complaint is hereby DISMISSED.