Betty Charlene BELL, Plaintiff,

v.

The METROPOLITAN SCHOOL DIS-
TRICT OF SHAKAMAK, Defendant.

No. TH 80–166–C.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Aug. 24, 1983.

**4**

William K. Bennett, Lafayette, Ind., for plaintiff.

Sacopulos, Crawford & Johnson, Terre Haute, Ind., for defendant.

## ORDER

BROOKS, District Judge.

This matter is before the Court upon the defendant's motion for summary judgment and this order does not directly address the merits of the plaintiff's complaint.

This cause of action is brought pursuant to 42 U.S.C. § 1983 and seeks damages stemming from the defendant's decision not to rehire the plaintiff after the 1975–1976 school year. The complaint alleges that the plaintiff, a non-tenured teacher, was not rehired by the defendant, The Metropolitan School District of Shakamak, because she exercised her first amendment rights and it alleges that the decision not to rehire violated the due process clause of the fourteenth amendment.

The defendant insists that the plaintiff's claims are time barred and has moved for dismissal based upon the appropriate statute of limitations and laches. Specifically, the defendant's motion for summary judgment urges dismissal for the following reasons:

(1) applicability of Ind.Code § 34–1–2–2(1), which bars the plaintiff's claim for failure to commence her action within two (2) years of the alleged injury;   .

(2) applicability of Ind.Code § 34–1–2–1.–5, which bars the plaintiff's complaint for failure to commence her action within two (2) years of the action or omission complained of;

(3) applicability of Ind.Code § 34–4–16.5–7, the Indiana Tort Claims Act, which bars the plaintiff's claim for failure to file notice with the defendant within one hundred eighty (180) days after the loss occurs;

(4) applicability of the equitable doctrine of laches;

(5) the failure of the actions of the Board of Trustees of the Metropolitan School District of Shakamak to constitute an official policy, custom, or decision of the Metropolitan School District required by 42 U.S.C. § 1983. *See Monell v. Department of Social Services of City of N.Y.* 436 U.S. 658, 694 [98 S.Ct. 2018, 2037, 56 L.Ed.2d 611] (1978).

In opposition to the defendant's motion, the plaintiff contends the appropriate statute of limitations is Ind.Code § 34–1–2–2(2) which allows the plaintiff's claim as it was filed within five (5) years and is accordingly against a "public officer." Further, the plaintiff argues the inappropriateness of the notice requirement of the Indiana Tort Claims Act, the inapplicability of laches, and the officiality of the decision of the School District.

I

█ Because Congress did not establish a limitations period for §§ 1981 and 1983 actions federal courts apply the state law of limitations governing the most analogous cause of action. *Board of Regents v. Tomanio,* 446 U.S. 478, 483–4, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Movement for the Opportunity v. General Motors Corp.,* 622 F.2d 1235, 1241 (7th Cir.1980); *Beard v. Robinson,* 563 F.2d 331, 334 (7th Cir.1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978); *Hill v. Trustees of Indiana University,* 537 F.2d 248, 254 (7th Cir.1976).

The Indiana statutory scheme offers an array of limitation periods from which the Court must select the most appropriate

one: one hundred eighty (180) days—Tort Claims Act; two (2) years—personal injury or injury to personal property and employment agreements not in writing; five (5) years—actions against "public officials" six (6) years—written contracts (not specifically pleaded by the plaintiffs); and fifteen (15) years—catch-all provision.

Ultimately, the problem to be considered is whether the two (2) year statute of limitations pursuant to Ind.Code § 34–1–2–1.5 and Ind.Code § 34–1–2–2(1) or the five (5) year statute pursuant to Ind.Code § 34–1–2–2(2) applies to the present cause of action under 42 U.S.C. § 1983 (1976). But prior to that decision the alternative statutory periods must be considered.

## II

■ In selecting the statute of limitations for § 1983 causes of action, "it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies." *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977). Therefore, the one hundred eighty (180) day notice requirement can be held inapplicable to the present case because it is not consistent with the federal policy behind this cause of action. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975); *Knoll v. Springfield Tp. School District*, 699 F.2d 137, 141 (3d Cir.1983); *Childers v. Independent School District No. 1 of Bryan County*, 676 F.2d 1338, 1343 (10th Cir.1982); *Beard v. Robinson*, 563 F.2d 331, 334 (7th Cir.1977).

Several cases have applied a two (2) year statutory period for civil rights claims. *Movement for Opportunity and Equality v. General Motors*, 622 F.2d 1235 (7th Cir. 1980); *Hill v. Trustees of Indiana*, 537

F.2d 248 (7th Cir.1976); *Minority Police Officers Ass'n v. City of South Bend, Indiana*, 555 F.Supp. 921 (N.D.Ind.1983); *Sturgeon v. City of Bloomington*, 532 F.Supp. 89 (S.D.Ind.1982). Also, a number of cases support the application of a five (5) year statutory period. *Blake v. Katter*, 693 F.2d 677 (7th Cir.1982); *Sacks Brothers Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir.1978); *Bottos v. Avakian*, 477 F.Supp. 610 (N.D.Ind.1979). This is the prevailing view in the State of Illinois. *Teague v. Caterpillar Tractor Company*, 566 F.2d 7 (7th Cir.1977); *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977); *Wakat v. Harlib*, 253 F.2d 59 (7th Cir.1958); *Gates v. Montalbano*, 550 F.Supp. 81 (N.D.Ill.1982).

■ The Illinois cases, *Wakat, Beard, Teague*, and *Gates*, have applied Illinois' five (5) year residual statute of limitations which has been interpreted to apply to statutorily created causes of action. Indiana has not applied its residual statute with a fifteen (15) year period generally for the same reason that the shorter Tort Claims period is not presently applicable—inconsistency with the underlying federal policy and a resulting lack of uniformity among the states in this circuit and the other circuits. *See Movement for Opportunity v. General Motors*, 622 F.2d at 1242 (7th Cir. 1980); *Gantt v. Bethlehem Steel Corp.*, 17 Emp.Prac.D. ¶ 8502 (N.D.Ind.1978) (Indiana 15 year statute is not appropriate for § 1981 action). Thus, the Indiana fifteen (15) year residual statutory period can be held similarly inapplicable to the present case.

## III

■ The debate in *Movement for Opportunity* focuses mainly upon the two (2) year tort statute, Ind.Code § 34–1–2–2, and the six (6) year statute governing contractual actions, Ind.Code § 34–1–2–1.[1] That

---

1. These statutes provide:

    § 34–1–2–1 Limitation of actions—Six year Statute.—The following actions shall be commenced within six [6] years after the cause of action has accrued, and not afterwards.

    First. On accounts and contracts not in writing.

    \*    \*    \*    .    \*    \*    \*

    Third. For injuries to property other than personal property, damages for any detention

**6**

court determined that the two (2) year statute was most appropriate for the § 1981 action where racial and sexual discrimination allegedly occurred in the hiring, job assignment, setting of pay, transfer, and promotion of workers at the defendant's manufacturing plant.

Similarly, as the court did not apply the six (6) year contract statute in *Movement for Opportunity* for hourly and salaried employees the Court need not apply the six (6) year period upon the present facts. The plaintiff is undisputably without tenure and it is well determined that "[n]onpermanent teachers have no contractual right to continued employment." *Alpin v. Porter School Township of Porter County*, 413 N.E.2d 999, 1003 (Ind.Ct.App.1980). The plaintiff's contract expires yearly and it is only upon a vote by the Trustees of the School District that the plaintiff is rehired and her old contract is rekindled into a new one term employment period. Thus, to hold that the plaintiff should benefit from a statute specifically designed for rights less tenuous than the plaintiffs would be incorrect.

IV

Returning to the threshold issue, whether the two (2) year period or the five (5) year period should be applied, an analysis of the Indiana cases which have applied the five (5) year period reveals that each has involved a "public officer" as a named defendant. *Blake v. Katter*, 693 F.2d 677 (7th Cir.1982); *Sacks Brothers Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir.1978); *Bottos v. Avakian*, 477 F.Supp. 610 (N.D.Ind.1979). Clearly, the School District is subject to suit pursuant to § 1983 as "persons" under that statute. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Mazanec*

*v. North Judson-San Pierre School Corporation*, 552 F.Supp. 873, 876 (N.D.Indiana 1982). But, to apply the five year statute to the present facts, as urged by the plaintiff, the Court must find that the Metropolitan School District of Shakamak is a "public official" as referred to in Ind. Code § 34-1-2-2(2). That statute states:

(2) All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five [5] years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six [6] years.

The *Blake* Court noted a two step analysis for the application of Ind.Code § 34-1-2-2(2) that requires (1) a public officer and (2) the performance of the controversial act while in the official capacity. 693 F.2d at 680. Further the *Blake* court defined a public officer as "one who [holds] an office having special duties prescribed by law to serve a public purpose, and that those duties were invested with some of the functions pertinent to sovereignty." *Id.* *Blake* and *Battos* respectively held that police officers and F.B.I. special agents were public officers. Similarly, *Sacks* held that the county tax assessor was a public officer.

In the present case, although the individual trustees of the school district are not specifically named as defendants, the trustees were each served in the name of The Metropolitan School District of Shakamak. For all tangible purposes the individual trustees are the school district and the school district can only be notified of a claim with service of process on at least one, if not all, of the individual school district trustees. *See Alpin v. Porter School*

thereof, and for recovering possession of personal property.

§ 34-1-2-2. Limitation of actions—Two, five, six, ten and twenty years.—The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

(1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two [2] years.

*Township of Porter County,* 413 N.E.2d 999, 1002 (Ind.Ct.App.1980) (citing *State ex. rel. Sights v. Edwards,* 228 Ind. 13, 89 N.E.2d 443 (1949)). Nevertheless, "it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations." *Shideler v. Dwyer,* 417 N.E.2d 281, 285 (Ind.1981) (quoting *Koehring Co. v. National Automatic Tool Co.,* 257 F.Supp. 282, 292 (S.D.Ind.1966), *aff'd per curiam,* 385 F.2d 414 (7th Cir.1967)). The School District trustees' decision not to renew the contract of the plaintiff, not rehiring the plaintiff for the next school year, involves actions by the trustees only in their official capacity. Therefore, despite the fact that the individual trustees are the representatives of the school district, the real defendant is the governmental entity, as named in the complaint. *See Kincaid v. Rusk,* 670 F.2d 737, 742 (7th Cir.1982); *Nekolny v. Painter,* 653 F.2d 1164, 1170 (7th Cir.1981).

Even assuming arguendo that the individual trustees were named as defendants, the government entity, the Metropolitan School District, would be solely responsible for satisfying a judgment rendered against an officer sued in his official capacity. *Id.* In short, the plaintiff sued The Metropolitan School District—not a "public officer." Furthermore, as a matter of statutory law, The Metropolitan School District of Shakamak is a "body corporate and politic." Ind.Code § 20–4–8–21. Thus, the five (5) year limitation statute is not directly applicable and the court must consider this statute only as it seeks the most analogous cause of action under Indiana Law. *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

## V

In summary, the Court has determined that neither the one hundred eighty (180) day Tort Claims period, nor the six (6) year contract period, nor the five (5) year

"public official" period are as closely analogous as the two (2) year limitation period associated with employment related and personal injury causes of action.

The Court in *Movement for the Opportunity* selected the two (2) year period because it considered the § 1981 cause of action to be the most analogous to the general tort statute of two (2) years for "injuries to the person" rather than the statute governing interference with the contract. 622 F.2d at 1243. Further, that court stated that it "has already adopted the two year statute of limitation ... for section 1983 actions" *Id.* (citing *Hill v. Trustees of Indiana University,* 537 F.2d 248, 254 (7th Cir.1976)). In addition, the court in *Movement for Opportunity* supported its use of the two year period with reference to the then new section 34–1–2–1.5 indicating that this "new section now specifically provides a two (2) year period for *all* employment related actions." 622 F.2d at 1244 (emphasis in original). This statute provides:

> 34–1–2–1.5. Employment agreements not in writing.—All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two [2] years of the date of the act or omission complained of. [IC 34–1–2–1.5, as added by Acts 1977, P.L. 328 § 1, p. 1502].

The court in *Gantt v. Bethlehem Steel Corp.,* 17 Emp.Prac.Dec. ¶ 8502 at 6605 (N.D.Ind.1978) referred to the new two year statute stated when disposing of a § 1981 suit: "had [the] plaintiff's cause of action arisen after September 1, 1977, the applicable statute of limitations would be two (2) years. Ind.Code § 34–1–2–1.5 (Supp.1977)." 17 EPD at 6607. Similarly, in *Sturgeon v. City of Bloomington,* 532 F.Supp. 89 (S.D.Ind.1982), a former police officer brought suit under 42 U.S.C. §§ 1981 and 1983 alleging a violation of his fourteenth amendment rights after his em-

**8**

ployment was terminated. That Court cited *Hill* and *Movement for Opportunity* in applying a two (2) year statute of limitations and dismissed the complaint. Furthermore, in *Minority Police Officers Association v. City of South Bend, Indiana*, 555 F.Supp. 921 (N.D.Ind.1983), a class action, the plaintiffs alleged constitutional violations by the defendants in the hiring, promotion, placement, and recruitment at the South Bend Police Department. The complaint was filed pursuant to 42 U.S.C. §§ 1981 and 1983. The Court applied a two (2) year statute of limitations and dismissed all claims under §§ 1981 and 1983. *Id.* at 926.

In conclusion, this Court chooses to follow *Hill* and *Movement for Opportunity* and their progeny as it applies a two (2) year statute of limitations period. In making this decision, the Court notes Ind.Code § 34–1–2–1.5. This statute lends support to a shorter statutory period for employment related situations similar to the one under immediate consideration. The Court specifically applies Ind.Code § 34–1–2–2(1) as the most appropriate statute under the present facts.[2]

The plaintiff received formal notice of the nonrenewal of her employment contract on April 30, 1976. A claim pursuant to § 1983 arises at the time a tortfeasor interferes with a victims rights. *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir.1971). Thus, the time for the plaintiff to bring her claim lapsed April 30, 1978 and the plaintiff's suit filed August 26, 1980 is barred.

Therefore, the Court having considered defendant's motion for summary judgment and all other relevant circumstances and now being duly advised in the premises, hereby GRANTS defendant's motion and DISMISSES the plaintiff's complaint.

IT IS SO ORDERED.

---

**2.** As previously noted from *Gantt v. Bethlehem Steel Corp.*, 17 Emp.Proc.Dec. ¶ 8502 at 6605 (N.D.Ind.1978) if the plaintiffs cause of action had arisen after September 1, 1977 the court would apply Ind.Code § 34–1–2–1.5.