Clifford ROSS, Plaintiff,

v.

Sgt. SUMMERS, Sgt. Hostetler, Lynn Coleman, Defendants.

No. S 84–396.

United States District Court, N.D. Indiana, South Bend Division.

March 27, 1986.

Supplemental Opinion April 9, 1986.

Joseph F. Rubin, South Bend, Ind., for plaintiff.

Richard L. Hill, Robert C. Rosenfeld, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The original complaint in this case was filed *pro se* on January 25, 1984 by Clifford Ross, then an inmate at the Westville Correctional Center in Westville, Indiana. The *pro se* complaint purported to allege claims under Title 42 U.S.C. § 1983 and invoked this court's jurisdiction under Title 28 U.S.C. §§ 1331 and 1343(3) and (4). There were subsequent amendments to the complaint adding parties. At an earlier time on August 16, 1984, this court dismissed by way of a written order the claims filed against the City of South Bend, Indiana, and Daniel Thompson as Chief of Police of South Bend, Indiana. There appears to be no good reason at this time to disturb those rulings. The amended complaint referred to was filed on February 28, 1985 and has been answered. The court appointed Joseph F. Rubin as counsel for the plaintiff in this case on August 30, 1985 and referred the same to the Honorable Robin D. Pierce, United States Magistrate, by order of January 3, 1986 pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Pierce held proceedings at the Indiana State Prison on this case at the Westville Correctional Center on January 31, 1986. The defendants filed a motion for summary judgment on February 12, 1986 and Magistrate Pierce filed a report and recommendation on March 6, 1986, to which the plaintiff filed an objection on March 14, 1986.

The issue addressed in the report and recommendation as well as the defendants' motion for summary judgment and the plaintiff's objections focus on the applicability of *Wilson v. Garcia,* — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

As indicated above the original complaint in this case was filed June 25, 1984 and refers to conduct that occurred on January 14, 1982. The allegations in the amended complaint do not appear to alter those basic time sequences but simply the amended complaint is an attempt to explicate the facts thereof and to add parties to it. Thus, this court must examine the implications of *Wilson v. Garcia* in the context of the provisions I.C. § 34–1–2–2(1), (2).

Sec. 2. The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

(1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years.

(2) All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five (5) years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over, at any time within six (6) years.

The function of this court is not fundamentally different than that reflected in *Winston v. Sanders,* 610 F.Supp. 176 (C.D.

Ill.1985). This judge may be writing on a slightly different slate here. In Illinois the background decision was found in *Beard v. Robinson,* 563 F.2d 331 (7th Cir.1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978) (a case in which this judge served on the panel). The background decision in Indiana is *Blake v. Katter,* 693 F.2d 677 (7th Cir.1982). While it is correct that the underlying state statute in *Beard v. Robinson* is considerably larger in scope than the statute dealt with in *Blake v. Katter,* this circumstance does not relieve this court of confronting the question of the retroactivity of *Wilson v. Garcia.*

To be more specific the court must decide whether *Wilson v. Garcia* undermines the basic holding in *Blake v. Katter.* In that regard the reasoning and result here would be substantially the same as that in *Winston v. Sanders.* There is little doubt that at least from and after April 17, 1985 that the two year statute of limitations found in the first part of I.C. § 34–1–2–2 would be applicable. This is very analogous to the reasoning that *Beard v. Robinson* was undermined for the future by *Wilson v. Garcia.*

Although not totally determinative in this case the insight of Justice O'Connor dissenting in *Wilson v. Garcia* is interesting if not totally relevant. At 105 S.Ct. page 1952 she stated:

> Presumably, today's decision would preempt such legislation even if the State's limitations period in a given case were *more* generous than the tort rule that the Court today mandates invariably shall apply. In the case of *Blake v. Katter,* 693 F.2d 677 (CA7 1982), for example, a plaintiff who claimed deprivation of liberty through false arrest enjoyed the benefit of Indiana's generous 5-year statute for claims against public officials. The same plaintiff would now find his § 1983 cause of action foreclosed by the comparatively meager 2-year statute governing injuries to the person. *Id.* at 679–680.

For cases filed under Section 1983 against police officers or sheriffs after April 17, 1985, there can be little doubt that Justice O'Connor's dissent is reflective of what the law is and will be.

The final and determinative question is whether or not *Wilson v. Garcia* applies here and now to foreclose this plaintiff from pursuing his § 1983 claims against these defendants which would otherwise be time barred under I.C. § 34–1–2–2(1).

On the general subject of the retroactivity of *Wilson v. Garcia* the courts have failed to speak totally with one voice. It is unnecessary here to engage in a detailed examination of the facts of those cases which have held in one factual setting or another that *Wilson v. Garcia* was retroactive. It is correct that most if not all of the decisions here cited are variations on the theme of *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Examples of cases in which *Wilson v. Garcia* has been held to be retroactive are: (1) *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985) (no *Chevron Oil v. Huson* analysis used), (2) *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985), (3) *Fitzgerald v. Larson,* 769 F.2d 160 (3rd Cir.1985), and (4) *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985).

In the case of *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985) the decision was held to be retroactive but the effect of that holding was to lengthen rather than shorten the statutory period. *Rivera v. Green* cited *Winston v. Sanders.* See 775 F.2d 1383. It might also be revealing that the cases which have held *Wilson v. Garcia* not to be retroactive, in addition to *Winston v. Sanders,* are all cases decided at the United States district court level. Examples of those cases are: (1) *Bynum v. City of Pittsburgh,* 622 F.Supp 196 (N.D.Cal.1985), (2) *deFurgalski v. Siegel,* 618 F.Supp. 295 (N.D.Ill.1985), (3) *Small v. The Inhabitants of the City of Belfast,* 617 F.Supp. 1567 (D.Me.1985), (4) *Shorters v. The City of Chicago,* 617 F.Supp. 661 (N.D.Ill.1985) (citing *Winston v. Sanders* with approval, see

footnote 8 at page 617), (5) *Cook v. The City of Minneapolis,* 617 F.Supp. 461 (D.C. Minn.1985). As of this writing *Wilson v. Garcia* has not been considered at any length in any reported decisions from the two highest courts in the State of Indiana and it is simply the subject of a brief footnote in *Indiana Department of Public Welfare v. Clark,* 478 N.E.2d 699, 702 (Ind. App.1 Dist.1985). That case is of no specific assistance in determining this one.

To make it easier on the writer as well as the reader this court is persuaded by and simply here restates the analysis of *Chevron Oil v. Huson* that begins at 610 F.Supp. page 178 in this judge's opinion in *Winston v. Sanders.* Fully recognizing that there are some differences between the underlying statutes in *Blake v. Katter* in Indiana and *Beard v. Robinson* in Illinois which are of little significance. There can be little doubt that the relevant plaintiffs and their counsel are presumed to have relied upon *Blake v. Katter* after it was decided on November 22, 1982. It may well be such reliance was not so massive in Indiana as was the reliance on *Beard v. Robinson* in Illinois. Any difference in the quantum of such reliance does not change the result here announced.

■ It is certainly pragmatically attractive to hold that *Wilson v. Garcia* is retroactive, especially in view of this writer's continued belief that *Blake v. Katter* gave I.C. § 34-1-2-2(2) a very generous construction (perhaps an over generous one) in favor of plaintiffs who file claims against sheriffs and police officers under 42 U.S.C. § 1983. However, the Court of Appeals has already written on that slate and it is not the province of this judge to attempt to erase that writing. With no particular pride of authorship but with the simple belief that the analysis in *Winston v. Sanders* is correct and relevant to the result here, this court must now most respectfully decline to grant defendants' motion for summary judgment as well as the Magistrate's Report and Recommendation and must decline to apply *Wilson v. Garcia* retroactively to foreclose the prosecution of the plaintiff's claims. Therefore the defendants' motion to dismiss is DENIED and this case will be set for further pretrial conference before this judge in South Bend, Indiana at an early time.

IT IS SO ORDERED.

## SUPPLEMENTAL OPINION

This court now reaffirms its Memorandum and Order of March 27, 1986 and adds to it because of the decision of *Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir.1986). That case read *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) in the context of Illinois law under *Beard v. Robinson,* 563 F.2d 331 (7th Cir.1977), *cert. denied* sub. nom. *Mitchell v. Beard,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). In *Anton,* Judge Ripple speaking for that panel of that Court held that in Illinois a plaintiff whose Section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years the date his action accrued or two years after *Wilson.*

The Anton result is wholly consistent with this court's ruling of March 27, 1986.

■ In Indiana, under that limited group of Section 1983 cases that previously were entitled to the five year provision of I.C. § 34-1-2-2(1) as interpreted in *Blake v. Katter,* 693 F.2d 677 (7th Cir.1982), the *Anton* analysis is applicable. Thus as to that class of Section 1983 cases *only* against sheriffs or police officers, a plaintiff, whose Section 1983 cause of action accrued before April 17, 1985 must file suit within the shorter period of either five years from the date such action accrued or two years after the date of the *Wilson* decision, April 17, 1985.