Donald J. CARPENTER, Plaintiff,

v.

The CITY OF FORT WAYNE, INDIANA, et al., Defendants.

Robert BAALS, Thomas Reich and William Heath, Plaintiffs,

v.

The CITY OF FORT WAYNE, INDIANA, et al., Defendants.

Cecil BLAIN, Plaintiff,

v.

The CITY OF FORT WAYNE, INDIANA, et al., Defendants.

Civ. Nos. F 85–5 to F 85–7.

United States District Court, N.D. Indiana, Fort Wayne Division.

June 17, 1986.

---

Larry J. Burke, Fort Wayne, Ind., for plaintiff.

Bruce Boxberger and Karen S. Walker, Fort Wayne, Ind., for defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on motions for summary judgment filed by the defendants in these actions. Although these actions have not been formally con-solidated, the various plaintiffs are all represented by the same counsel, and the pleadings of the parties directed to these motions which were filed in the separate actions are virtually identical. The plaintiffs filed a brief in opposition to the motion, and the defendants filed a reply. The plaintiffs then requested leave to file a supplemental brief in opposition on the issue of the retroactive application of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Such leave was granted, and both the plaintiffs and defendants have filed supplemental briefs on the issue. For the following reasons, defendants' motions for summary judgment will be granted.

This cause arises out of the demotion of the plaintiffs in their rank as members of the Fire Department of the City of Fort Wayne in February 1980. The essence of the plaintiffs' complaints is that they were demoted because of their political affiliation in violation of the first and fourteenth amendments. The defendants have moved for summary judgment, contending that these claims are time-barred by the two year statute of limitations for personal injury actions in Indiana, I.C. 34-1-2-2, which governs claims brought under 42 U.S.C. § 1983 by virtue of the *Wilson* decision.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment serves as a vehicle with which the court "can determine whether further exploration of the facts is necessary." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975).

In making this determination, the court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all infer-

ences from the established or asserted facts in favor of the non-moving party. *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985). The non-moving party's reasonable allegations are to be accepted as true for purposes of summary judgment. *Yorger v. Pittsburgh Corning Corp.,* 733 F.2d 1215, 1218–19 (7th Cir.1984). A party may not rest on the mere allegations of the pleadings or the bare contention that an issue of fact exists. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Atchison, Topeka & Santa Fe Railway Co. v. United Transportation Union,* 734 F.2d 317 (7th Cir.1984); *Korf v. Ball State University,* 726 F.2d 1222 (7th Cir.1983). *See generally* C. Wright, *Law of Federal Courts,* § 99 (4th ed. 1983); 6 *Moore's Federal Practice,* § 56.15 (2d ed. 1984).

Thus, the moving party must demonstrate the absence of a genuine issue of material fact. Even if there are some disputed facts, where the undisputed facts are the material facts involved and those facts show one party is entitled to judgment as a matter of law, summary judgment is appropriate. *Egger v. Phillips,* 710 F.2d 292, 296–97 (7th Cir.1983); *Collins v. American Optometric Assn.,* 693 F.2d 636, 639 (7th Cir.1982). *See also Bishop v. Wood,* 426 U.S. 341, 348, 348 n. 11, 96 S.Ct. 2074, 2079, 2079 n. 11, 48 L.Ed.2d 684 (1976).

Based upon these principles, the relevant facts of this case are as follows. Prior to February 1, 1980, the plaintiffs were lieutenants in the Fort Wayne Fire Department. In January 1980, a Democratic administration assumed control of the city government in Fort Wayne, and appointed defendant Anthony J. Meyers to the office of Fire Chief. On February 1, 1980, the plaintiffs were demoted to the rank of private.

The plaintiffs filed their complaints on January 7, 1985, one month shy of five years after the demotions occurred. In their complaints, the plaintiffs contend that their demotions were a result of their non-membership in the Democratic party, and were done pursuant to a policy or custom of the defendants to demote members of the Fire Department who were not members of the Democratic party and replace them with persons who were so affiliated. This, plaintiffs argue, constituted a violation of the first and fourteenth amendments as well as 42 U.S.C. § 1983. In addition, the complaints allege that the demotions were without just cause and was given without notice or hearing, thereby violating plaintiffs' due process rights. The plaintiffs seek injunctive relief and money damages.

The defendants filed this motion for summary judgment, urging that the court find the complaints barred by the two year statute of limitations for personal injury actions. The defendants' motion is based on three arguments: (1) that the two year statute of limitations bars plaintiffs' § 1983 claims; (2) that the plaintiffs cannot bring a claim directly under the Constitution, but rather must bring their claim under § 1983; and (3) even if the plaintiffs could bring claims directly under the Constitution, such claims would be held to the same statute of limitations as § 1983, and thus would be time-barred. The plaintiffs appeared at first to concede that the two year statute applied to the § 1983 claims, but have since argued that the *Wilson* decision should not be applied retroactively, thereby entitling them to a five year period of limitation. They have also argued that they can bring claims directly under the Constitution, and have offered a wide variety of possible statutes of limitations which could apply to such a claim.

The court will begin with the defendants' second argument first, examining whether the plaintiffs can bring a cause of action directly under the Constitution, and then will consider the appropriate statute of limitations to apply.

### Direct Constitutional Claims—Bivens and § 1983

■ The complaints in these causes appear to assert violations of the Constitution

as well as § 1983. The original motion for summary judgment is the first place that these direct constitutional claims are classified as "*Bivens*-type" claims, after *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Thereafter, the plaintiffs picked up this nomenclature and began calling their direct constitutional claims *Bivens* claims. The court concludes that the plaintiffs are in fact attempting to assert *Bivens* claims against the various defendants by asserting that violations of the first and fourteenth amendments occurred which entitle them to relief independent of § 1983.

The essence of the defendants' second argument in favor of the motion for summary judgment is that the plaintiffs cannot assert *Bivens* claims when a § 1983 action is available. In effect, the defendants assert that the direct constitutional claims collapse into and are a part of the § 1983 claims, so that these are simply § 1983 actions.

*Bivens* established that victims of a constitutional violation by a federal agent have the right to recover damages against that official despite the absence of any statute conferring such a right. However, the Supreme Court has held that a *Bivens* cause of action can be defeated "when Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). At least two courts have found that § 1983 satisfies this *Carlson* criteria. *See Morris v. Washington Metropolitan Area Transit Authority*, 702 F.2d 1037, 1042 and n. 10 (D.C.Cir.1983); *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). Even the *Carlson* Court, in analyzing whether the Federal Tort Claims Act met the criteria necessary to justify displacement of a *Bivens* action, used § 1983 as a contrasting statute, finding that § 1983 had a purpose and provided damages similar to *Bivens*, thereby suggesting that § 1983 was an equally effective substitute for a *Bivens* action. The court concludes that § 1983 is an effective remedy for plaintiffs' constitutional claims so as to defeat the existence of a *Bivens* action in this case.

A second argument against recognizing a *Bivens* claim in these cases is that none of the defendants here are federal agents or actors. As the *Morris* court stated:

The availability of a *Bivens*-type Fourteenth Amendment remedy against nonfederal defendants is subject to serious question. The Supreme Court has explicitly reserved decision on the question. *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571 [50 L.Ed.2d 471] (1977); *see Lake County Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. [391] 398–400, 99 S.Ct. 1171, 1175–77 [59 L.Ed.2d 401] (1979). Moreover, in view of the Court's decision in *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 [56 L.Ed.2d 611] (1978), holding that political subdivisions of states are "persons" subject to suit under § 1983, it seems unlikely that the federal courts will feel free to imply a direct constitutional remedy in the face of the statutory remedy now available against nonfederal defendants.

702 F.2d at 1042 n. 10. This analysis, which ties in with the earlier view that § 1983 is an effective alternative to *Bivens*, suggests that state defendants such as the defendants in these causes are subject to § 1983 exposure alone.

The court concludes that the plaintiffs' constitutional claims are claims brought under § 1983 and not under *Bivens*, and are thus subject to whatever § 1983 defenses are available. The defendants' third argument for summary judgment—that the statute of limitations for *Bivens* claims is the same as that for § 1983—is therefore moot.

### Statute of Limitations—Retroactivity of Wilson

The main thrust of the motion for summary judgment is that the § 1983 claims

are time-barred by the two year Indiana statute of limitations on personal injury actions. It is clear that *Wilson v. Garcia* requires federal courts to apply the state statute of limitations for personal injury actions when attempting to determine the timeliness of a § 1983 claim. 471 U.S. at ——, 105 S.Ct. at 1948. Under the Indiana personal injury statute, the plaintiffs' claims here would all be time-barred, as they were filed just less than five years after the demotions occurred. However, the plaintiffs argue that they would be entitled to the five year statute for actions against public officials but for the *Wilson* decision, a position that, at least superficially, is not without legal support. *See Blake v. Katter,* 693 F.2d 677 (7th Cir. 1982); *Bottos v. Avakian,* 477 F.Supp. 610 (N.D.Ind.1979). Thus, the issue here is whether *Wilson* should be applied retroactively so as to bar these suits as untimely.

Several courts have considered the issue of the retroactivity of *Wilson,* with a resultant split in authority. *See Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir.1986) (not applying retroactively); *Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986) (not applying retroactively); *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985) (applying retroactively); *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985) (applying retroactively); *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985) (applying retroactively); *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985) (applying retroactively). Most of these cases, and particularly the *Anton* decision, analyzed the retroactivity question under the Supreme Court's analysis in *Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

In *Chevron,* the Supreme Court enunciated a three-part test to determine whether a decision should be applied only prospectively:

(1) the decision must "establish a new principle of law", either by "overruling clear past precedent on which litigants may have relied ... or by deciding an

issue of first impression whose resolution was not clearly foreshadowed;"

(2) the court must "weigh the merits and demerits in each case" by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive application will promote or retard its operation; and

(3) weighing the inequity imposed by retroactive application of the decision.

*See* 404 U.S. at 106–07, 92 S.Ct. at 355. With *Anton* as a guide, the court will apply the *Chevron* test in this case.

■ As a general rule, judicial decisions are applied retroactively. *Anton,* 787 F.2d at 1143, quoting *Solem v. Stumes,* 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579 (1984). The Seventh Circuit has made it clear that "[s]ince there is a presumption favoring retroactivity, all three *Chevron* factors must support prospective application in order to limit the retroactive effect of the decision." *NLRB v. Lyon & Ryan Ford Co.,* 647 F.2d 745, 757 (7th Cir.), *cert. denied,* 454 U.S. 894, 102 S.Ct. 391, 70 L.Ed.2d 209 (1981).

### A. The "New Principle of Law" Factor

■ Examination of the first *Chevron* factor requires focusing on pre-*Wilson* precedent in the Seventh Circuit upon which litigants may have relied when they filed a § 1983 action in Indiana. *Anton,* 787 F.2d at 1143. The language of *Chevron* requires that the decision "overrule clear past precedent" or decide an issue of first impression "whose resolution was not clearly foreshadowed." Because there is ample pre-*Wilson* authority on the appropriate statute of limitations for § 1983 actions in Indiana, the "issue of first impression" aspect of the analysis is irrelevant. Therefore, the court must decide whether there was "clear past precedent" which *Wilson* overrode.

Because § 1983 has no statute of limitations, courts have long applied the most appropriate state statute of limitations to such actions. In Indiana, the state statute offered two possible limitations periods:

The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

(1) for injuries to persons or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two years;

(2) all actions against a sheriff or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by an omission of an official duty, within five years....

I.C. 34-1-2-2.

The Seventh Circuit has interpreted the Indiana statute four times. In *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir.1976), a graduate student sued the trustees of the University and a professor for due process violations allegedly caused by the issuance of failing grades by the professor and allegations of plagiarism. Judge Kunzig, in a concurring opinion, stated that the two year personal injury statute was the appropriate limitations period for a § 1983 claim. In *Sack Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir.1978), the five year period for claims against public officials was applied to a suit against a town tax assessor. In *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235 (7th Cir.1980), a § 1981 suit alleging racial and sexual discrimination at a General Motors plant, the Seventh Circuit applied the two year statute. The court noted that the choice of the appropriate limitations period under § 1981 was the same as the choice under § 1983, and the two year period had already been applied in § 1983 cases, citing *Hill.* The final case, *Blake v. Katter*, 693 F.2d 677 (7th Cir.1982), involved allegations that state police officers had violated the plaintiff's constitutional rights during his arrest, pre-trial proceedings and trial. The *Blake* court held that the five year public officer limitation period applied because the officers were public officials and the acts complained of were performed in their official capacity.

District courts which considered the limitations question under § 1983 also reached differing results. *Bottos v. Avakian*, 477 F.Supp. 610 (N.D.Ind.1979), *aff'd*, 723 F.2d 913 (1983), applied the five year statute to claims against a police officer. This court has, in unpublished orders, applied the five year statute. *See e.g., Hamm v. City of Fort Wayne*, No. F 83-299 (N.D.Ind. April 11, 1984). Other cases have applied the two year personal injury statute. *See Bell v. Metropolitan School Dist. of Shakamak*, 582 F.Supp. 3, 8 (N.D.Ind.1983) (failure to rehire teacher); *Minority Police Officers Ass'n. v. South Bend, Ind.*, ·555 F.Supp. 921, 926 (N.D.Ind.), *aff'd in part*, 721 F.2d 197 (7th Cir.1983) (claims of discriminatory hiring, promotion, placement, recruitment and other conditions of employment); *Sturgeon v. City of Bloomington*, 532 F.Supp. 89, 90-91 (S.D.Ind.1982) (claim that requiring police officer to take polygraph test as condition of continued employment was unconstitutional).

This court has uncovered only two post-*Wilson* cases which consider this line of precedent to determine whether *Wilson* should be applied retroactively. The first, *Gaus v. County of Wells, Indiana*, 620 F.Supp. 1462 (N.D.Ind.1985), contains a footnote which simply states that *Wilson* "is not to be applied retroactively," citing Judge Sharp's opinion in *Winston v. Sanders*, 610 F.Supp. 176 (C.D.Ill.1985). However, the *Chevron* analysis in *Winston* looked to Illinois law, and thus is not directly applicable or persuasive in examining Indiana law. In fact, footnote two in *Gaus* stated that

There is some doubt as to whether the decision in *Blake* ... remains valid in the context of cases filed against police officers under 42 U.S.C. § 1983. It is the view of this writer that *Wilson v. Garcia* undermines the basic holding in [*Blake* ]. Whether it does so retroactively is a question to be saved for a later day.

Thus, *Gaus* does not in fact mandate that *Wilson* be applied only prospectively.

The second case is an unpublished order of Judge Sharp in *Ross v. Summers*, 630 F.Supp. 1267 (N.D.Ind.1986). That case involved claims against two police officers and a third person. In his analysis of the retroactivity of *Wilson*, Judge Sharp wrote:

> [t]his court is persuaded by and simply here restates the analysis of *Chevron Oil v. Huson* that begins at 610 F.Supp. page 178 in this judge's opinion in *Winston v. Sanders*. Fully recognizing that there are some differences between the underlying statutes in *Blake v. Katter* in Indiana and *Beard v. Robinson* in Illinois which are of little significance. There can be little doubt that the relevant plaintiffs and their counsel are presumed to have relied upon *Blake v. Katter* after it was decided on November 22, 1982. It may well be that such reliance was not so massive in Indiana as was the reliance on *Beard v. Robinson* in Illinois. Any difference in the quantum of such reliance does not change the result here announced.

At 1270.

The court concludes that the reasoning in *Ross* does not control this case. *Ross* is based on *Winston v. Sanders*, which analyzed Illinois law. As the Seventh Circuit pointed out in *Anton*, its decision in *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977), *cert. denied sub nom., Mitchell v. Beard*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978), made the law in the circuit "clear" that the Illinois five-year statute of limitations applied to § 1983 claims. The situation under Indiana law, however, was much more complicated. The *Hill* decision appeared to make the two year limitations period apply to cases arising out of public employment. Thus, the first amendment claims of the plaintiff in *Bell v. Metropolitan School Dist. of Shakamak*, 582 F.Supp. 3, 8 (N.D.Ind.1983), which are somewhat similar to some of the claims in this present case, were limited by the two year statute. *Blake*, however, held that claims against public officials like police officers received the five year statute. Thus, while *Beard* defined the limitations period for all § 1983 claims in Illinois, there was no such precedential case in Indiana. The claim in *Ross*, which appears to be a claim against police officers, may well fall within the confines of *Blake*. This case cannot be so easily categorized, especially because there are elements involving both public employment (implicating *Hill*) and public official liability (implicating *Blake*).

What precedent did the plaintiffs face at the time they filed these suits? *Hill* provided that an employment-related claim was subject to the two year statute. That case was not overruled by *Blake;* post-*Blake* decisions have continued to apply *Hill. See Bell*. At least as to the *Hill* branch of Indiana precedent, *Wilson* cannot be said to have overturned any clear precedent—if anything, it merely reaffirmed what had already been the law.

Thus, the only real question is whether *Blake* can qualify as "clear precedent" in favor of the five year statute. As for the claim against the City of Fort Wayne, *Blake* cannot control because by its language, as well as the language of the five year statute, the longer limitation period applies only to claims against "public officers" or officials, and thus does not apply to a government entity. *Bell*, 582 F.Supp. at 6–7. As for the claims against the various individual defendants in these causes, *Blake* would appear to control. However, subsequent to *Blake*, the *Bell* decision cast some doubt on *Blake's* parameters. In *Bell*, a nontenured teacher sued the School District for the failure to rehire her. Judge Sharp, in writing the opinion, noted that the school district trustees had not been named. In trying to decide whether *Blake* mandated the longer five year limitations period, he wrote:

> The School District trustees' decision not to renew the contract of the plaintiff, not rehiring the plaintiff for the next school year, involves actions by the trustees only in their official capacity. Therefore, despite the fact that the individual trustees are the representatives of the school district, the real defendant in the government entity ... *Even assuming arguen-*

*do that the individual trustees were named as defendants, the government entity, the Metropolitan School District, would be solely responsible for satisfying a judgment rendered against an officer sued in his official capacity. In short, the plaintiff sued the Metropolitan School District—not a "public officer."*

582 F.Supp. at 7 (emphasis supplied). This language suggests that a suit against officials of a government entity and the entity for actions taken in their official capacity might not be entitled to the five year statute. The court does not rule here that this is a correct reading of the *Bell* holding; it only points out this passage to suggest that *Blake* might not be clear precedent because of *Bell*'s subsequent interpretation and possible limitation of that holding.

While it is a very close question, the court concludes that there was no clear precedent overridden by *Wilson* that would counsel against retroactive application of the statute. *Hill* would have suggested to potential plaintiffs seeking to press employment-related § 1983 claims that the claim should be brought within two years. Reliance on *Blake* to support a longer period of limitations was perilous, because *Bell* had suggested a possible limitation on *Blake* when public officials were sued along with the government entity they worked for. Thus, there was no clear precedent in this circuit which controlled these cases and which *Wilson* overturned. Therefore, the first *Chevron* factor suggests that *Wilson* can be applied retroactively.

### B. Weighing the Merits and Demerits

The second *Chevron* factor requires the court to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." 404 U.S. at 106–07, 92 S.Ct. at 355. According to *Anton,* the *Wilson* Court found that its decision furthered three important interests: (1) safeguarding the rights of federal civil rights litigants; (2) achieving uniform-

ity and certainty; and (3) minimizing unnecessary collateral litigation. *Anton,* 787 F.2d at 1144. Retroactive application of *Wilson* neither promotes nor retards the second and third interests listed here. *Anton,* 787 F.2d at 1145; *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir.1986); *Smith v. City of Pittsburgh,* 764 F.2d 188, 196 (3d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). The *Anton* court found that the first interest would weigh against retroactive application because "total retroactive application of *Wilson* would preclude some plaintiffs from vindicating constitutional rights protected by § 1983 simply because the time for filing a suit has been reduced...." 787 F.2d at 1145. The court concludes that this second *Chevron* factor would weigh against retroactive application.

### C. Inequities Imposed by Retroactive Application

The final *Chevron* factor requires the court to weigh the "inequity imposed by retroactive application." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355. The *Anton* case suggests that a diligent plaintiff forced to lose his claim because of the retroactive application of *Wilson* is subject to the type of inequity which counsels against retroactive application. A marked difference between this case and *Anton* is the level of diligence displayed by the plaintiffs. In *Anton,* the plaintiff filed his claim two years and one month after it accrued. He diligently pursued that claim once his case was filed. Here, by contrast, the plaintiffs filed one month shy of five years after their demotions. What makes this delay more glaring is that other firefighters like these plaintiffs filed similar actions in 1980. *See Sowers v. City of Fort Wayne,* No. F 80–183. Compared to these firefighters, the plaintiffs here have clearly, in the words of the *Anton* court, "slept on their rights." This lack of diligence undercuts much of the inequity that the plaintiffs here might otherwise argue. *See Wycoff v. Menke,* 773 F.2d at 987 (third *Chevron* factor does not bar retroactive application when law on limitations period

was confusing, so that "potential plaintiffs such as Wycoff could not reasonably have relied on a limitations period longer than two years in waiting to file their claims"). The court concludes that the third *Chevron* factor does not counsel against retroactive application.

Thus, the first and third *Chevron* factors favor retroactive application of *Wilson* in this case. Under Seventh Circuit precedent, that is sufficient to justify retroactive application. Therefore, the court finds that *Wilson v. Garcia* should apply retroactively to § 1983 actions brought in Indiana, thereby requiring that such suits should be brought within two years. Under that limitations period, these suits are time-barred.

### Conclusion

For the reasons stated above, the defendants' motions for summary judgment in these actions are hereby GRANTED.