United States v. Elie                    04-CR-222-SM  06/07/05

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America

      v.                                Criminal No. 04-cr-222-SM
                                        Opinion No. 2005 DNH 090
Thalia T. Elie


**O R D E R**


      This is another criminal case in which the government is

bringing charges under 18 U.S.C. § 1001 (false statements) for

conduct that amounts to passport fraud (18 U.S.C. § 1542).  See

United States v. Muratoski, ___ F.Supp. 2d ___, 2005 DNH 61

(D.N.H. April 8, 2005).  That charging decision is no doubt a

function of the court of appeals' decision in United States v.

Salinas, 373 F.3d 161 (1st Cir. 2004).  In Salinas the court held

venue to be improper in this district in passport fraud cases

involving applications filed or mailed out of state that

eventually find their way to the National Passport Center in

Portsmouth, New Hampshire.  The court did note, however, that

venue would be proper in this district if the conduct were

charged as a false statement offense under § 1001 - the

distinction being that passport fraud is a completed offense "at

the moment an applicant makes a knowing false statement in an

application with a view toward procuring a passport," <u>Salinas</u>, 373 F.3d at 165 (citing <u>United States v. O'Bryant</u>, 775 F.2d 1528, 1535 (11th Cir. 1985), while § 1001 offenses are generally considered continuing offenses, with the material misrepresentation "continuing into the district in which the effects of the false statement are felt." <u>Salinas</u>, 373 F.3d at 167 (citations omitted).

Defendant moves to transfer venue to the Eastern District of New York, where she lives and works. <u>See</u> Fed. R. Crim. P. 21(b). The government objects.

**Standard of Review**

A district court has broad discretionary power to transfer a criminal prosecution to another district "for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Crim. P. 21(b). In exercising that discretion, courts generally consider a number of factors identified by the Supreme Court in <u>Platt v. Minnesota Min. & Mfg. Co.</u>, 376 U.S. 240 (1964). Those factors include: (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be an issue; (4) the location of documents and records likely

2

to be involved; (5) the disruption of defendant's business if the case is not transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special considerations relevant to transfer.  Id. at 243-44.  No one factor is likely to be dispositive, but all should be considered under the circumstances:

> It is unlikely that any one of these factors will be present by itself in a particular case.  Ordinarily the various factors appear in combination, with some pointing in favor of transfer and others against transfer.  It is incumbent on the court in such a case to strike a balance and decide which factors seem to be of greatest importance in that case.

2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 344 at 275.

## Discussion

Having carefully considered the Platt factors, I find it appropriate in this case to exercise my discretion to transfer venue to the district in which the defendant lives.

3

This case presents a close transfer call. Long Island, where defendant lives, is not terribly far away - defendant could drive to New Hampshire in about six hours. Driving home on the same day would pose a substantial hardship, however, and staying here overnight would involve room and board expenses added on to travel costs. After several trips, those costs and burdens would become increasingly significant.

Defendant is employed, though there is some suggestion that she may not remain so, given her questionable legal status. In fact, she holds down two jobs in order to support her family, but her gross income is modest. All in all, the economic impact upon defendant of requiring her to litigate in New Hampshire counsels slightly in favor of transfer.

Defendant has retained counsel in New York. On the one hand, that circumstance will allow easy access to counsel in the district in which defendant resides, but on the other hand, will prove expensive if counsel must travel to New Hampshire for hearings, negotiations, trial, and possibly sentencing. It would certainly be more convenient for defendant (and counsel) to proceed in New York.

4

Defendant also states that she will be calling witnesses from New York.  Needless to say, it will be far more convenient for those witnesses to have the trial (and, if defendant is convicted, sentencing) in New York, where they live.

Transfer of venue poses no undue burdens for the government. The critical evidence is likely in the form of documents which are easily transported and authenticated.  Government employee-witnesses are either already located in New York or can easily and conveniently travel from New Hampshire at no personal expense.  And, given the nationwide reach of the activity at the Passport Center, the government must reasonably expect, and prepare for, occasional travel in support of prosecutions it deems appropriate to bring.  In any event, the government's inconvenience is "a factor given little weight when other considerations of convenience suggest transfer."  United States v. Gruberg, 493 F.Supp. 234, 243 (S.D.N.Y. 1979).

Although this case could reasonably be tried here, and the transfer question is a close one, the combination of factors discussed and the principle that defendants, ordinarily, should be tried where they live, United States v. Russell, 582 F. Supp.

5

660, 662 (S.D.N.Y. 1984), tips the balance slightly in favor of exercising discretion to transfer this case to the Eastern District of New York.

## Conclusion

Venue is transferred to the Eastern District of New York for the convenience of the defendant and witnesses, and in the interests of justice.  Fed. R. Crim. P. 21(b).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 7, 2005

cc:  Alfred J.T. Rubega, Esq.
     Michael J. Sheehan, Esq.
     George D. Rosenbaum, Esq.
     U.S. Probation
     U.S. Marshal