Robert H. **CAMPBELL** and Frances C. Campbell, Plaintiffs–Appellants,

v.

Lisa **CHAPPELOW,** Scott Stockton, Trooper, Indiana State Police, and David M. Strittmatter, Trooper, Defendants– Appellees.

No. 95–3478.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1996.

Decided Sept. 9, 1996.

Douglas Norris, Cambridge City, IN (argued), for Plaintiffs–Appellants.

Jon B. Laramore, Janet L. Parsanko (argued), Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before BAUER, CUDAHY, and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

This case involves a scattershot attack on the performance of three Indiana State Troopers who assisted in the seizure of the plaintiffs' cattle. The district court granted summary judgment to the defendants on plaintiffs' 42 U.S.C. § 1983 claim and their supplemental state law claims. We affirm.

## BACKGROUND

The facts of this case, especially as they relate to the three appellees, are relatively straightforward. In early 1991, a local veterinarian contacted the Indiana State Police and made a formal complaint of cruelty to animals on a local farm. Trooper Stockton accompanied the veterinarian to the farm to investigate the complaint. Stockton photographed and videotaped the cattle and turned over his investigation report to the Wayne County prosecutor. On February 4, 1991, a Wayne County Superior Court judge conducted a probable cause hearing at which the veterinarian testified. The prosecutor informed the court that the Humane Society would care for any seized cattle. The court then issued a search and seizure warrant directing the State Police, "with any necessary and proper assistance" to seize "any and all cows [located at 7715 College Corner Road] which are evidence of abandoned or neglected animals under Ind.Code § 35–46–3–7." On February 5, Trooper Strittmatter executed the warrant, accompanied by a number of volunteers from the Northwest Hooved Animal Humane Society who were going to care for the seized cows. Strittmatter supervised the removal of twelve cattle and returned the warrant, which listed the identification numbers of the seized cattle, to the court.

The next day, after reviewing an affidavit of Debra Blaney, the President of the Humane Society, and the February 4th testimony of the veterinarian, the court issued another warrant authorizing the seizure of the remaining neglected cattle at the College Corner Road farm. That same day, Trooper Chappelow witnessed the Humane Society's removal of the remaining neglected cattle. However, she made no effort to identify the cows or to ascertain where they were taken. She also did not return the warrant to the court.

Eventually, the court dismissed the neglect charges against Campbell and ordered the state to return the cattle. In the meantime, however, the individual caretakers of the cattle had filed liens against Campbell seeking reimbursement for caretaking costs, and sold the cattle to satisfy the liens. Unfortunately, it appears that Campbell did not receive notice of these sales. In response, the Campbells sued everyone involved: the veterinarians, the Humane Society, the individual caretakers, the Wayne County Sheriff, deputy sheriffs, and Troopers Chappelow, Stockton, and Strittmatter. By the time this matter was ripe for summary judgment, the only remaining defendants were the state troopers, all the rest having been dismissed pursuant to agreement.

The district court first entered summary judgment in favor of Stockton and Strittmatter, finding that the troopers were far too removed from the sale without notice to be liable for any due process violations, and that the Campbells' state law conversion and bailment claims were meritless. The district court next granted summary judgment for Chappelow on alternative grounds. First, it found that the Campbells' complaint against Chappelow was barred by the two-year statute of limitations. Ind.Code § 34–1–22(1). Notwithstanding this first ruling, the district court also analyzed the merits of the claims against Chappelow and concluded that they failed for the same reason as those against Stockton and Strittmatter, and for the additional reason that the state law remedies under the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–1 et seq., precluded the § 1983 action.

■ The Campbells appeal, raising a plethora of issues, none of which has merit. They argue that the district court erred in entering summary judgment on the state law bailment and conversion claims, and that the district court's statute of limitations and § 1983 rulings were error.[1] We disagree and affirm.

---

1. In addition to the bailment and conversion theories raised in their complaint in the district court, the Campbells now raise a state law "negligence" claim. At oral argument, plaintiffs' counsel conceded that this claim was not in their complaint, and that the district court did not acknowledge it in its decision. Accordingly, we shall not consider it on appeal. *Prymer v. Ogden*, 29 F.3d 1208, 1215 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 665, 130 L.Ed.2d 599 (1994).

## ANALYSIS

We review the district court's summary judgment ruling *de novo*, applying the same standards as the district court. Fed. R.Civ.P. 56; *Grottkau v. Sky Climber, Inc.*, 79 F.3d 70, 72 (7th Cir.1996). We would think that the Campbells' true beef was with the Humane Society members who allegedly sold the cows without notice. In fact, the Campbells themselves recognize that "had the cattle been retained by the [individual caretakers] and the Humane Society, they could have been returned and the Campbells would not have sustained injury." They also acknowledge that they are looking to the troopers for relief because "many of the defendants involved are judgment proof." We hold that the district court properly entered summary judgment because the Campbells cannot demonstrate Stockton's or Strittmatter's personal involvement in the sale without notice. As for Chappelow, we conclude that the Campbells' state law claims fail for the same reasons as with Stockton and Strittmatter, and that the applicable statute of limitations barred the § 1983 complaint.

### 1. STOCKTON

In order to establish liability under § 1983, the Campbells had to demonstrate that Stockton was "personally responsible for the deprivation of [their property without due process]." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). This they cannot do. Given Stockton's limited role in this whole matter, we agree with the district court that "Stockton's activities did not amount to personal participation in the alleged constitutional violations sufficient for him to have any liability under § 1983."

We also give short shrift to the Campbells' state law claims against Stockton. First, under Indiana law, conversion is "a tort involving the appropriation of the personal property of another to the tortfeasor's

own use and benefit." *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind.1993). We fail to see how this encompasses any of Stockton's activities. Next, the plaintiffs present no authority supporting their argument that the concept of bailment applies in this situation. The best they can do is point to the Indiana statute which provides that "all items of property seized by any law enforcement agency as a result of a ... search warrant ... shall be securely held by the law enforcement agency under the order of the court trying the cause...." Ind.Code § 35–33–5–5 The Campbells present no basis for substituting common law bailment duties for the statutory duties imposed by this section. In any event, this section governs actions by the "law enforcement agency" and does not make individual police officers who seize property pursuant to a warrant the personal bailee of the property.

### 2. STRITTMATTER

In common sense terms, the Campbells' claims against Strittmatter fail because he did nothing wrong. Strittmatter executed a valid warrant and then returned the warrant with a list of the seized cattle. Given that it is undisputed that the State Police did not have adequate facilities to care for the seized cattle, and given that the prosecutor informed the court that the Humane Society would care for any seized cattle, we cannot imagine what else Strittmatter might have done.[2] We agree with the district court's finding that Strittmatter lacked the requisite personal responsibility to trigger § 1983 liability.[3]

Finally, the plaintiffs' § 1983 claim would fail even if they could demonstrate that Strittmatter negligently violated Ind. Code § 35–33–5–5 by failing to "securely hold" the seized cattle. Negligence is insufficient to establish liability under 42 U.S.C.

---

2. The Campbells suggest that Strittmatter should have fully investigated the Humane Society ostensibly in order to determine if future sales without notice were forthcoming. However, the Indiana legislature already has done the relevant investigation. Ind.Code § 35–46–3–6(i) permits a court to award neglected animals to a "humane society or other organization that has as its

principal purpose the humane treatment of animals."

3. The conversion and bailment claims against Strittmatter fail for the same reasons discussed above vis-a-vis Stockton.

§ 1983. *Clifton v. Schafer*, 969 F.2d 278, 283 (7th Cir.1992).

### 3. CHAPPELOW

█ The case against Chappelow is a bit more complicated, but in the end we agree with the district court's entry of summary judgment in favor of Chappelow. Unlike Stockton who had nothing to do with the actual seizure and turnover to the Humane Society, and Strittmatter who did everything by the book, Chappelow did not realize that she was executing a warrant and, therefore, did not return the warrant to the court. Nevertheless, we conclude that the statute of limitations barred the Campbells' claim against Chappelow so we need not reach the merits of this claim.

█ Chappelow's seizure of the cows took place on February 6, 1991, and the Campbells filed their initial complaint on February 3, 1993. The Campbells did not add Chappelow as a named defendant until May 3, 1994, when they moved to substitute her for a Trooper Doe defendant. At oral argument, there was some confusion about whether the Campbells' action was governed by a two-year or five-year statute of limitations. At first glance, Ind.Code § 34-1-2-2 seems to indicate that this action is governed by a five-year limitations period because it is an "action against a public official." *See Blake v. Katter*, 693 F.2d 677, 680 (7th Cir.1982). However, in *Coopwood v. Lake County Community Dev. Dept.*, 932 F.2d 677, 679 (7th Cir.1991), we held that the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), overruled *Blake*, so that a § 1983 action against an Indiana public official is controlled by Indiana's two-year statute of limitations for personal injury actions.[4]

█ We find no merit to the Campbells' argument that their cause of action did not accrue until the Humane Society members sold the cattle. That may be true for their claims against the Humane Society and its members, but not against Chappelow. We agree with the district court that Chappe-

low's liability, if any, was complete when she supervised the Humane Society members removing the cows. The only possible argument that the Campbells could have raised to save their claims against Chappelow would be that their naming a "Trooper Doe" defendant tolled the applicable statute or that their claim against Chappelow "related back" to the timely filed complaint. The district court ruled against the Campbells on both of these arguments, pointing out that the Campbells had not even raised the "relating back" theory. The Campbells neither raise nor discuss either argument in this court, so we consider those arguments waived, *United States v. Long*, 86 F.3d 81, 84 (7th Cir.1996), and will say no more about them except to mention that we agree with the district court that neither is a winner. *See, e.g., Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Woods v. Indiana University–Purdue University at Indianapolis*, 996 F.2d 880, 885 (7th Cir.1993); *Wood v. Worachek*, 618 F.2d 1225, 1229–30 (7th Cir.1980).

### CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

AFFIRMED.

---

4. Although the § 1983 claims are governed by the two-year statute of limitations, it seems that the five-year statute would apply to the state law claims against Chappelow. In the end those claims fail for the same reasons as against Stockton and Strittmatter.