**Lawrence Edward LOVETT, Plaintiff,**

v.

**Rick SENIFF, et al., Defendants.**

**No. 3:03–CV–0456 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 16, 2003.

Lawrence Edward Lovett, SPR–Plainfield, Plainfield Correctional Facility, Plainfield, IN, for plaintiff.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

█ Lawrence Edward Lovett, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir.2000).

A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

█ Mr. Lovett alleges that on January 1, 2001 he was injured in the jail and that the nurse failed to treat him for 100 days. Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND.CODE § 34–11–2–4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir.1996). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir.1993), *cert. denied*, 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992) (citations omitted). The statute of limitations on this claim expired at the latest in May 2003, but this complaint was not signed and filed until June 2003. Therefore these claims are barred and must be dismissed with prejudice.

For the foregoing reasons, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**