**Jimmie E. SMALL, Plaintiff–Appellant,**

v.

**WW LODGING, INC., d/b/a Quincy Travelodge, et al., Defendants–Appellees.**

**No. 04–1114.**

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 30, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jimmie E. Small, Quincy, IL, pro se.

Jonathan H. Barnard, Brennan & Barnard, Quincy, IL, Max G. Brittain, Jr., Schiff, Hardin & Waite, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

### ORDER

Jimmie Small sued his former company, WW Lodging, and several other defendants for disclosing a standard form that documented WW Lodging's reason for firing him. According to Small, the disclosure violated his constitutional rights of privacy and free speech and was retaliatory in violation of Title VII, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The district court dismissed Small's claims, and we affirm.

The chronology that follows is confusing, but Small's claims seem to stem from WW Lodging's release of a document stating that he was terminated because he had harassed the company's other employees. Small viewed the document as confidential and the harassment charge as materially false. The document, labeled "DPA–266," is a standard form that an employer submits upon request to the Illinois Department of Public Aid in regard to a former employee's application for state unemployment benefits. Small learned from his IDPA caseworker in March 1997 that one year earlier WW Lodging had provided IDPA with this form.

But it was WW Lodging's submission of the DPA–266 in response to a discrimination complaint that Small filed with the Illinois Department of Human Rights two years later in May 1999 that forms the basis of Small's action here. In Small's discrimination complaint, he alleged that

WW Lodging did not rehire him on account of his race, sex, and age. WW Lodging submitted the DPA–266 to corroborate its position that it had fired Small on account of his conduct, and not a discriminatory basis. The IDHR ultimately dismissed Small's claim as untimely because Small had learned that WW Lodging did not intend to rehire him in March 1997 but waited two years—well past the 180–day deadline—to file a discrimination complaint. Small then filed a claim in state court against WW Lodging and the Illinois Department of Human Rights, alleging that dismissing his discrimination complaint as untimely was erroneous. The state court found in favor of the defendants and the state appeals court affirmed the decision.

In May 2003 Small filed a federal complaint against WW Lodging, as well as one of its employees, Thomas Fuller; Andrews and Kurth, L.L.P., the company's law firm; and Matthew Hoeg, WW Lodging's lawyer. Small alleged that the defendants improperly used and disclosed the DPA–266, which he claimed was confidential, during proceedings with the IDHR and in the subsequent state court proceedings. In the complaint, Small seemed to allege that the defendants conspired with both the IDHR and the state appellate court to publicly disclose the allegedly confidential DPA–266 in proceedings with the IDHR and subsequently the state court in violation of his rights to privacy and free speech. Small also alleged that the defendants disclosed the DPA–266 in retaliation for his successful application for unemployment benefits, claiming that the disclosure violated Title VII, the ADEA, and the ADA.[1] Finally, Small raised common-law slander and fraud claims.

The district court in November 2003 dismissed all of the retaliation and common-law claims with prejudice. Determining that retaliation claims under Title VII, the ADEA, and the ADA cannot be brought against employees or agents of the employer, the district court first dismissed those claims against Fuller, Andrews and Kurth, and Hoeg. The court then dismissed the retaliation charges under Title VII, the ADEA, and the ADA against WW Lodging because, it concluded, an application for unemployment benefits was not protected activity under those statutes. The court also determined that the statute of limitations had expired on the claims of fraud and slander. Turning to Small's conspiracy claims under 42 U.S.C. §§ 1983 and 1985, the court noted that the last date on which the DPA–266 was reportedly disclosed was beyond the two-year statute of limitations. But the court acknowledged Small's argument that he did not discover the conspiracy until a later date, which would have fallen within the two-year limit, and so the court permitted Small a 30–day opportunity to amend his complaint to allege claims that were timely, or face dismissal of those claims with prejudice.

The court denied Small's subsequent motion to reconsider because it presented "no newly discovered evidence or persuade[d] the Court that its previous order contained manifest errors of law." And because Small did not amend his complaint, the court dismissed his §§ 1983 and 1985 claims with prejudice.

1. Small stated in his complaint that he was a 58–year-old, white, disabled male, but Small apparently did not raise a discrimination claim based on these protected classes, nor did he allege that WW Lodging retaliated against him for filing a discrimination complaint with IDHR. In any event, even if Small's complaint could be generously construed as raising a discrimination claim or a retaliation claim for filing a discrimination complaint with the IDHR, he does not raise these arguments in his brief on appeal.

**508**

On appeal Small first argues that the district court should not have dismissed his retaliation claims under Title VII, the ADEA, and the ADA because it erroneously concluded that his successful application for unemployment benefits did not constitute protected activity. According to Small, he adequately stated claims for retaliation when he alleged that the defendants retaliated against him for his success in applying for unemployment benefits by disclosing the confidential DPA–266.

■ Small, however, misunderstands the concept of a statutorily protected activity under Title VII, the ADEA, and the ADA. To establish retaliation, a plaintiff must demonstrate that he engaged in activity statutorily protected under Title VII, the ADEA, or the ADA respectively. 42 U.S.C. § 2000e–3 (Title VII); 29 U.S.C. § 623(d) (ADEA); 42 U.S.C. § 12203(ADA); *Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 889 (7th Cir.2004) (Title VII); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 641 (7th Cir.2004) (ADEA and ADA). Such activity consists of opposing or complaining about discrimination by the employer based on race, color, religion, gender, national origin, age, or disability. 42 U.S.C. § 2000e–2(a) (prohibiting discrimination based on race, color, religion, sex, or national origin); 29 U.S.C § 621(b) (prohibiting discrimination based on age); 42 U.S.C. § 12101(b) (prohibiting discrimination based on disability); *Ristrom v. Asbestos Workers Local 34 Joint Apprentice Comm.*, 370 F.3d 763, 772 (8th Cir.2004) (prohibiting retaliation against individual taking action protected by ADA); *Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 890 (7th Cir.2004); *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 615 (8th Cir.2003)(for ADEA retaliation claim, individual must oppose age discrimination). Successfully applying for unemployment benefits is not activity protected under Title VII, the ADEA, or the

ADA. *See Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 707 (7th Cir.2000) (cannot establish retaliation when opposing conduct that is not prohibited by Title VII). The district court properly dismissed those claims.

■ Turning to the dismissal of the §§ 1983 and 1985 claims, Small does not challenge the district court's conclusion that the statute of limitations had expired. Instead, he argues only that the district court should not have dismissed the §§ 1983 and 1985 claims against attorney Hoeg and his law firm because such claims, unlike those arising under Title VII, do not require an employer-employee relationship. But Small's failure to challenge the expiration of the statute of limitations necessarily dooms any argument on the merits. *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir.1996).

Finally, Small argues that the district court should have entered a default judgment against Fuller because he failed to respond to the complaint. But Fuller did respond to Small's complaint; the motion to dismiss filed by WW Lodging was jointly filed on behalf of Fuller as well.

AFFIRMED.